THE PEOPLE *ex rel.* John A. Scott, County Collector, Appellee, *vs.* A. D. RICKETTS, Appellant.

*Opinion filed February 25, 1911.*

1. DEDICATION—*a public use is not confined to privileged persons.* It is not essential to a public use that its benefits should be received by the whole public or even a large part of the public, but it is essential that the use be in common and upon the same terms and not confined to privileged persons.

2. SAME—*what is not a dedication for public use.* A plat duly executed and recorded, which shows an irregular tract marked "Davidson Park" and another tract marked "Tennis Court," and which states that the maker of the plat dedicates such tracts "to the use of the occupants of said subdivision, the park for a park and the tennis ground for a playground," does not show a dedication of such tracts to the use of the public. (*McChesney* v. *People,* 99 Ill. 216, followed.)

3. TAXES—*when property is not exempt from taxation as public grounds.* A park and playground dedicated by the owner of land, in platting a subdivision, "to the use of the occupants of said subdivision," are not exempt from taxation as public grounds even though the plat is accepted by the city, but are private property and subject to taxation.

APPEAL from the County Court of Champaign county; the Hon. THOMAS J. ROTH, Judge, presiding.

A. E. CAMPBELL, for appellant.

F. A. COGGESHALL, State's Attorney, (A. D. MULLI-KEN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county court of Champaign county rendered judgment against two tracts of land in Davidson Place addition to the city of Champaign, and the question presented by this appeal is whether or not those tracts are exempt from taxation. The addition, which contains twenty-three lots, was laid out in 1901 upon a tract of about ten acres by a plat made, certified, acknowledged and recorded in conformity to the statute and approved by the city council, upon which appeared a tract of irregular shape, approximately 360 feet long and 218 feet wide, marked "Davidson Park," and surrounded by streets, and another rectangular tract about 180 feet long and 50 feet wide, marked "Tennis Court." In his acknowledgment of the plat the owner included the following certificate: "I do hereby dedicate the streets of said subdivision to the city of Champaign and State of Illinois for street purposes, reserving the right, in the first instance, to improve the same at my own expense, and I do hereby dedicate the park and tennis ground for and to the use of the occupants of said subdivision, the park for a park and the tennis ground for a playground."

If these tracts are "public grounds used exclusively for public purposes," the property of the city, they are exempt from taxation. By virtue of the statute the plat operated as a conveyance of such portions of the premises as are marked or noted as donated or granted to the public or any person, religious society, corporation or body politic, and the premises intended for any street, alley, way, common

or other public use vested in the city for such use. No doubt exists in regard to the streets and alleys,—the plat conveyed them to the city; but so far as the park and tennis court are concerned the plat and certificate are restricted and are entirely consistent with the strictly private use of these tracts by the residents of the addition. If the occupants of these lots see fit there is nothing to prevent their fencing the park and tennis court, excluding the public entirely and devoting the ground to their own private purposes. The case is like that of *McChesney* v. *People,* 99 Ill. 216. The plat of Dunham's subdivision in that case purported to dedicate a tract of land in the following language: "This place is dedicated to the trustees of the town of Hyde Park as a park, by the name of Madison Avenue Park, for the benefit of the owners of lots fronting the same, and is to be ornamented and improved in such manner as the majority of such owners shall desire, each owner to have a voice in such improvement in proportion to the number of feet he shall own fronting or abutting on the park." The municipal authorities approved the plat, as was done here. It was held that the land was neither a public park nor the property of the village of Hyde Park; that it had not been attempted to make a dedication of the land to the public for park or other purposes but only for the benefit of owners of adjacent lots fronting on the park, and that the land remained as distinctively private property as before the dedication, and was held as such for the benefit of a limited number of persons, designated as a class.

It is argued that the dedication is to the inhabitants of a portion of the city, and that to constitute a public use it is not necessary that the whole public shall be permitted to share in the benefits but that it is sufficient if a portion of the inhabitants of a city be permitted to do so. It is not essential to a public use that its benefits should be received by the whole public or even a large part of it. The benefit may be limited actually to the inhabitants of a small locality,

but the use must be in common and upon the same terms, however few the number who avail themselves of it. "A public use, whether for all men or a class, is one not confined to privileged persons. The smallest street is public, for all have an equal right to travel on it, but a way used by thousands which may be shut against a stranger is private." (*Burd Orphan Asylum* v. *School District,* 90 Pa. 21.) The use of land for a public park is a public use, and the right to such use may be acquired by the exercise of the power of eminent domain. In such case every individual has the same right to the use of the park, of which he cannot be deprived. In the dedication of land for a park the dedication may restrict the use either as to its character or as to the persons who may use it. A park dedicated for the benefit of other property and restricted to the use of the owners of such property or residents therein is not dedicated for a public use, but remains private property and is not exempt from taxation.

No objections to the collector's application for judgment were made by the city of Champaign. The objectors, fifteen in number, state that they are the owners of real estate in Davidson Place addition abutting upon and adjacent to the park and tennis court, which they purchased with reference to said plat and said two tracts shown thereon, and by reason thereof paid enhanced values for their lots, and that they have erected valuable residences on their lots and have acquired a vested right to have the park and tennis court remain open and free ground forever. In *McChesney* v. *People, supra,* it was suggested that if the property were a public park the objectors would have no such interest in it as would give them any right to contest the assessment made upon it. We hold these tracts, however, to be private property subject to taxation.    *Judgment affirmed.*