THE STATE PUBLIC UTILITIES COMMISSION *ex rel.* The Noble Telephone Company, Appellee, *vs.* THE NOBLE MUTUAL TELEPHONE COMPANY *et al.* Appellants.

*Opinion filed June 24, 1915.*

1. PUBLIC UTILITIES—*telephone company not operated for profit may be a public utility.* The mere fact that a telephone company is not operated for profit but renders service to members at cost does not determine that it is not a public utility under the Public Utilities act of 1913.

2. SAME—*when telephone company is a public utility.* Where the service of a mutual telephone company is open, so far as its business extends, to anyone who may demand it and is willing to become a member and pay the fees specified in its constitution and by-laws, the company is a public utility within the meaning of section 10 of the Public Utilities act of 1913, and it is immaterial that it does not furnish as complete service as is furnished by most commercial companies.

3. SAME—*public use defined.* A public use means public usefulness, utility, advantage or benefit, and to be public the use must concern a community as distinguished from an individual, but the use may be confined to a particular district and still be public.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ALEXANDER C. MABEE, for appellants.

LYNCH & MARTIN, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Henry W. Schilling, the sole owner of the Noble Telephone Company, filed a petition with the State Public Utilities Commission to restrain the Noble Mutual Telephone Company and various individuals therein named from constructing, maintaining and operating a telephone exchange in the village of Noble, Illinois, or from rendering any telephone service which would interfere with the rights and privileges of the petitioner, and for such other

order as to the commission might seem meet. Upon a hearing the commission entered an order that the Noble Mutual Telephone Company cease operating its telephone system in the village of Noble and vicinity and cease doing business as a public utility until it had obtained a certificate of public convenience and necessity, as provided by section 55 of the Public Utilities act of 1913. From. that order the Noble Mutual Telephone Company and the other appellants appealed to the circuit court of Sangamon county, where a judgment was entered sustaining the order of the commission. This appeal has been perfected from the judgment of the circuit court.

The only question presented for our determination is whether the Noble Mutual Telephone Company is a public utility and subject to the supervision of the State Public Utilities Commission. It is conceded that if this company is a public utility the judgment of the circuit court affirming the order of the commission is proper.

For a period of about ten years prior to February, 1914, various persons under the name of Noble Telephone Company rendered telephone service to the inhabitants of the village of Noble and furnished exchange service to various country lines. In February, 1914, the village board granted a franchise to Henry W. Schilling to do a commercial telephone business in the village of Noble for a period of five years, under the name of Noble Telephone Company. Thereafter Schilling discontinued the exchange service with the city of Olney and other points that had theretofore been given patrons of his lines and increased the annual switching rates to the country lines from $2.50 to $3 per year, which increase in rates was approved by the State Public Utilities Commission. This action on the part of Schilling caused dissatisfaction among various of his patrons and a movement was started for the purpose of organizing a mutual telephone company. An organization was effected among a number of the country lines

and some of the citizens of the village, and a franchise was secured from the village in March, 1914, which was accepted on the part of those constituting the new organization. Thereupon the Noble Mutual Telephone Company began the erection of poles and wires in the village of Noble and installed a switch-board and other facilities for making physical connection with the country lines and with various other exchanges in Richland and the surrounding counties. By its franchise the Noble Mutual Telephone Company was given the right, for a period of five years, to erect and maintain poles and to string wires thereon in the streets and alleys of the village of Noble and to conduct a telephone exchange. The company was required to furnish, install and maintain at its own expense, during the term of the grant, one telephone at the village hall for the use of the village officers. The ordinance provided that the rights, privileges and franchises thereby granted were upon the express condition that no person, firm or corporation desiring to become a member of the company should *be barred from the service and the use of the switch-board installed and maintained under the ordinance, upon payment of the same membership fees as paid by other members of the company and upon the payment of the same annual switching fees as paid by other members and upon compliance with the by-laws of the company. In case of any violation of that provision the village reserved the right to revoke the franchise, but it was provided that nothing therein contained should be construed to compel the Noble Mutual Telephone Company to admit any commercial telephone company as a member. At the time the petition was filed eighteen or twenty country lines had become members of the mutual company, a number of telephones had been installed in the village of Noble, trunk lines had been erected connecting the exchange of the Noble Mutual Telephone Company with the exchanges of other telephone companies, and it was proposed to install

other telephones in the village of Noble as soon as material was at hand, and to extend the connections of the company with other telephone exchanges in other parts of Richland and the surrounding counties.

The Noble Mutual Telephone Company is not a commercial company organized for profit but renders service to its members at cost, and it does not hold itself out to render service to anyone except members of the company. The only connection it makes with other telephone companies is upon the basis of a mutual exchange of free service. While it will connect any of its members with a toll line for long distance service, it makes no charge for such action and collects no toll, leaving the matter of the adjustment of the toll charges between the members seeking such service and the toll companies rendering the same. The mere fact that the Noble Mutual Telephone Company is not operated for profit does not determine that it is not a public utility. Section 10 of the Public Utilities act defines a public utility to mean and include every corporation, company, firm, partnership or individual that now or hereafter "(*a*) may own, control, operate or manage, within the State, directly or indirectly for public use, any plant, equipment or property used or to be used for or in connection with the transportation of persons or property or the transmission of telegraph or telephone messages between points within this State; * * * or that (*b*) may own or control any franchise, license, permit or right to engage in any such business." It is apparent that the Noble Mutual Telephone Company is engaged in the business of transmitting telephone messages between points within this State. It also owns and controls a franchise or license from the village of Noble to engage in such business as it is doing. The only question for determination then is, whether or not it directly or indirectly operates or manages its plant for a public use.

By the provisions of the ordinance under which the Noble Mutual Telephone Company operates in the village of Noble, the right to use the streets and alleys of the village is given upon the express condition that no person, firm or corporation, except commercial telephone companies, shall be barred from membership and from the service to be rendered by the company. Thus, at least, every resident of the village of Noble and every corporation doing business there, except commercial telephone companies, have the right to demand service from the mutual company upon the payment of the membership and annual switching fees required by its constitution and by-laws, which are the only charges made for the service rendered. So far as the residents of the village are concerned, the use to which this company applies its plant is as public as it can be. It is immaterial that it does not furnish as complete service as is furnished by most commercial companies. So far as its business extends, its service is open, under the provisions of this ordinance, to anyone who may demand it and is willing to pay the price stated in the constitution and by-laws of the company for rendering such service. It is not necessary, in order to constitute this a public use, that this service should be extended to the whole world or to include whoever might happen to be temporarily in the village of Noble or in that vicinity. A public use means public usefulness, utility, advantage or benefit. To be public the use must concern a community as distinguished from an individual or any particular number of individuals, but it is not essential that the entire community or people of the State, or any political subdivision thereof, should be benefited or assured in the use or enjoyment thereof. The use may be local or limited. It may be confined to a particular district and still be public. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co. v. Drainage District*, 213 Ill. 83.) The service of the Noble Mutual Telephone Company is open to all its

members, and it must admit to membership all who apply and pay the fees specified. Its members not only have the means of communicating freely with one another, but also, by permitting their own lines to be used under a reciprocal arrangement, they have the means of communicating with the various cities and villages in that section of the State.

Under the facts as disclosed in this record the Noble Mutual Telephone Company is a public utility as that term is defined in section 10 of the Public Utilities act of 1913.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*