THE STATE PUBLIC UTILITIES COMMISSION *ex rel.* Macon County Telephone Company, Appellee, *vs.* THE BETHANY MUTUAL TELEPHONE ASSOCIATION, Appellant.

*Opinion filed October 27, 1915—Rehearing denied Dec. 10, 1915.*

1. PUBLIC UTILITIES—*what the term "public utilities" includes as applied to telephone companies.* The term "public utilities," as used in the act creating the Public Utilities Commission, includes every corporation, company or individual that may own or manage *for public use* any plant, equipment or property used for or in connection with the transmission of telephone messages between points within this State.

2. SAME—*jurisdiction of the Public Utilities Commission.* The jurisdiction of the Public Utilities Commission is by the terms of the statute confined to the control and supervision of owners and operators of property devoted to a public use.

3. SAME—*purpose of Public Utilities act.* The purpose of the Public Utilities act is to bring under control by the public, for the common good, property applied to public use in which the public has an interest, and the owner of such property must submit to be controlled by the public to the extent of its interests as such public use is maintained.

4. SAME—*what constitutes a public use.* To constitute a public use it is not necessary that the benefits be received by the whole public or even a large part of it, but all persons must have an equal right to the use and it must not be confined to specific, privileged persons.

5. SAME—*what implied in the term "public utility."* The term "public utility" implies a public use carrying with it the duty to serve the public and treat all persons alike, and it precludes the idea of service which is private in its nature, whether for the benefit of a few or of many.

6. SAME—*when telephone company not a public utility.* Where by the charter of a corporation the use of its telephone system is limited strictly to the members of the corporation, and it has no authority, under its charter, to erect or maintain any telephone line for the service of the public, the company is not a public utility, and the fact that it has a license to construct and operate telephone poles, wires and fixtures in the streets does not give the Public Utilities Commission jurisdiction over it nor tend to prove that the use is public. (*State Public Utilities Com.* v. *Noble Mutual Telephone Co.* 268 Ill. 411, and *Buncombe Telephone Co.* v. *McGinnis,* id. 504, distinguished.)

7. CORPORATIONS—*nature of corporation to be ascertained from its charter.* The nature of a corporation and the purpose of its organization must be ascertained by reference to the terms of its charter and do not depend upon the number of persons engaged in the enterprise for their mutual benefit, and such corporation can exercise only those powers that are within the scope of its charter.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

WHITLEY & FITZGERALD, and J. L. McLAUGHLIN, for appellant.

EVERETT JENNINGS, TIMOTHY F. MULLEN, GEORGE M. MORGAN, W. E. REDMON, and BEN B. BOYNTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On the petition of the Macon County Telephone Company, a corporation operating a telephone system in the village of Bethany and vicinity, in Macon county, the State Public Utilities Commission ordered appellant, the Bethany Mutual Telephone Association, forthwith to cease from constructing or maintaining its telephone system in the same locality because it had not obtained from the commission a certificate of convenience and necessity provided for by section 55 of the act entitled "An act to provide for the regulation of public utilities." (Laws of 1913, p. 460.) The appellant feeling aggrieved by the order, took the record to the circuit court of Sangamon county by appeal, and the court entered a judgment finding that the commission had jurisdiction in the case and that the order was neither unlawful nor unreasonable, and affirming it. From the judgment of the court this appeal was prosecuted.

The appellant, by its answer to the petition, alleged that it was not a public telephone company and did not propose

to engage in the telephone business or construct its system for the public use, and it denied the jurisdiction of the commission over it. The act creating the commission, defining its powers and giving it general supervision of public utilities, provides that the term "public utility" includes every corporation, company or association, joint stock company or association, firm, partnership or individual, that may own, control, operate or manage, directly or indirectly, for public use, any plant, equipment or property used or to be used for or in connection with the transmission of telephone messages between points within this State. The jurisdiction of the commission is by the terms of the act confined to control and supervision of owners and operators of property devoted to a public use. The purpose of the act is to bring under control by the public, for the common good, property applied to a public use in which the public has an interest. The owner of such property must submit to be controlled by the public to the extent of its interest as long as such public use is maintained. (*Munn* v. *People,* 94 U. S. 113; *People* v. *Western Union Telegraph Co.* 166 Ill. 15; *Inter-Ocean Publishing Co.* v. *Associated Press,* 184 id. 438.) To constitute a public use all persons must have an equal right to the use, and it must be in common, upon the same terms, however few the number who avail themselves of it. It is not essential to a public use that its benefits should be received by the whole public or even a large part of it, but they must not be confined to specified, privileged persons. (*People* v. *Ricketts,* 248 Ill. 428.) The words "public use" mean of or belonging to the people at large, open to all the people to the extent that its capacity may admit of the public use. (*State Public Utilities Com.* v. *Monarch Refrigerating Co.* 267 Ill. 528.) The use must concern the public as distinguished from an individual or any particular number of individuals, but the use and enjoyment of the utility need not extend to the whole public or any political subdivision. It may be

confined to a particular district and still be public. (*State Public Utilities Com.* v. *Noble Mutual Telephone Co.* 268 Ill. 411.) The appellant, under its charter, has no authority to engage in the public service or to devote its property to the public use. Aside from the statutory definition, the term "public utility" implies a public use, carrying with it the duty to serve the public and treat all persons alike, without discrimination, and it precludes the idea of service which is private in its nature, whether for the benefit and advantage of a few or of many. The question of the nature of a corporation cannot depend upon the number of persons engaged in the enterprise for their mutual benefit, but the nature of a corporation and the purpose for which it is organized must be ascertained by reference to the terms of its charter, and in the case of a corporation organized under a general law such nature and purpose are defined by that law. There is nothing in the act providing for the organization of corporations which limits its privileges to those which propose to devote their property to a public use, and the commission has no authority over any others. (*Distilling and Cattle Feeding Co.* v. *People,* 161 Ill. 101; *Evanston Electric Illuminating Co.* v. *Kochersperger,* 175 id. 26; *Bradley Manf. Co.* v. *Chicago and Southern Traction Co.* 229 id. 170; *Buncombe Metallic Telephone Co.* v. *McGinnis,* 268 id. 504.) A corporation may be organized under the general Corporation act for any lawful purpose except those specified in the statute, and the act of 1883 (Laws of 1883, p. 183,) declares it to be lawful to construct, operate and maintain private telephone lines from house to house, and grants the right, as against the public, to set the poles for such lines in the public streets, highways or alleys. The purpose for which appellant, the Bethany Mutual Telephone Association, was incorporated, as stated in its application for incorporation and in the certificate of incorporation issued by the Secretary of State, was "to be for the private use of the

members of said association only, for the purposes of telephonic communication between them, for their private and community interests and not for the pecuniary profit·of any person or persons connected with said association, and not for the profit of any stockholder interested as owner of any interest in said corporation." By the charter the use of the telephone system is limited strictly and solely to the members of the corporation, and it has no authority, under its charter, to erect or maintain any telephone line for the service of the public. It can only exercise such powers as are within the scope of its charter, and none others. The telephone company was held in *State Public Utilities Com. v. Noble Mutual Telephone Co. supra,* to operate a public utility because its lines connected with country lines and other exchanges in Richland and surrounding counties, and it obtained and enjoyed a license conditioned that no person should be barred from membership and use of its lines. In *Buncombe Metallic Telephone Co.* v. *McGinnis, supra,* the corporation had a control station connecting with various county lines and with the local village system and long distance lines, and the object stated in the application for incorporation was for "telephone purposes to legally establish our right on public and private property with poles, wires and necessary equipment," which denoted an unlimited and public use.

It is argued that the appellant's property is used or to be used for a public use because the appellant has obtained a license from the village of Bethany to construct, maintain and operate telephone poles, wires and fixtures in the streets of the village and has purchased a great quantity of poles which it intends to erect on the public highways and to string wires on them. These matters neither concern the petitioner nor the State Public Utilities Commission and do not fix the character of the corporation. If poles or wires should be placed on streets and highways it would no more tend to prove that the use is public than the fact of

farmers driving upon the public highways with their own products would tend to prove they are common carriers. If constructing a telephone system in streets or highways for private use is a diversion of the streets or highways from their legitimate use, the commission would not thereby acquire jurisdiction over the appellant.

The commission had no jurisdiction to make any order concerning the appellant, and the judgment of the circuit court affirming the order of the commission is reversed.

*Judgment reversed.*