Newman, J.
It was admitted by The Berkey Farmers’ Mutual Telephone Company that it had not procured from the public utilities commission a certificate under the provisions of Section 614-52, General Code. It claimed, however, that its right to do business without procuring such a certificate had been fully and finally established by the court of appeals in a proceeding had in 1914, and that therefore the commission had no power to act in the proceeding before it. Plaintiff in error, while admitting that its petition for an injunction had been dismissed, insisted that it was dismissed upon the sole ground that a mutual telephone company, according to the decision of the court of appeals, did not come within the provisions of Section 614-52, General Code; but that subsequently the supreme court, in The Ashley Tri-County Mutl. Telephone Co. v. The New Ashley Telephone Co., 92 Ohio St., 336, decided that the section in question applied to all telephone companies^ whether such telephone companies were organized for profit or not. Counsel for The Berkey Farmers’ Mutual Telephone Company claimed that under the ruling of this court in the Ashley case, supra, it must appear that the complaining company is furnishing adequate service in the locality before the second company can be required to procure a certificate, *206 and that the ruling could not apply in the controversy between the parties here, for it was found by the court of appeals that the service rendered by The Sylvania Home Telephone Company was and had been grossly inadequate and inefficient in the territory covered and proposed to be covered by its lines.
The commission in dismissing the proceeding took the position that before it could make the order sought by the complainant it would be required, as a prerequisite thereto, to construe the decision of the court of appeals to which we have referred and the decision of this court in the Ashley case, supra. and then'determine the present legal status of the parties to this proceeding, and it was of the opinion that these were matters to be determined by the courts and not by the commission.
But would the commission have had the right to entertain the complaint filed with it even though there had been no prior litigation between these two telephone companies?
It is to be observed that The Berkey Farmers’ Mutual Telephone Company itself was not asking for a certificate of convenience, but that plaintiff in error, whose territory it was claimed had been unlawfully invaded, was applying to the commission for an order requiring The Berkey Farmers’ Mutual Telephone Company to cease operation and compelling it to apply for a certificate showing that its operation was proper and necessary for the public convenience.
A telephone company is the only utility coming Ujidqr .the jurisdiction of the commission which is *207 required under any condition to obtain a certificate that the operation of its system is necessary for the public convenience, and this requirement is found in Section 614-52, General Code, which is as follows: “No telephone company shall exercise any permit, right, license .or franchise that may have been heretofore granted but not actually exercised or that may hereafter be granted to own or operate a plant for the furnishing of any telephone service, thereunder in any municipality or locality, where there is in operation a telephone company furnishing adequate service, unless such telephone company first secures from the commission a certificate after public hearing of all parties interested that the exercising of such license, permit, right or franchise is proper and necessary for the public convenience.”
By this section it is made unlawful for a telephone company to operate in a municipality or locality where there is in operation a telephone company furnishing adequate service, unless such company first secure from the commission a certificate that such operation is proper and necessary for the public convenience. It is- the only section of the code, to which our attention has been called, which touches this subject. The powers of the public utilities commission are conferred by statute and it possesses no authority other than that thus vested in it. (Cincinnati v. Public Utilities Commission, 96 Ohio St., 270.) The statute we have quoted does not contemplate the filing of an application by the telephone company whose territory is unlawfully invaded; and, besides, the order which *208 plaintiff in error sought was in the nature of an injunction the granting of which would be the exercise of judicial power, peculiarly the function of a court of equity. If such a power were expressly or impliedly conferred upon the commission it would be in contravention of the provisions of Section 1, Article IV of the Constitution, which vests judicial power in the courts.
Section 614-67, General Code, reads as follows: “Whenever the commission shall be of the opinion that /any public utility or railroad has failed, • omitted or neglected to obey any order made with respect thereto, or is about to fail or neglect so to do, or is permitting anything, or about to permit anything contrary to, or in violation of law, or an order of the commission, duly authorized under the provisions of this act, the attorney general, upon the request of the commission, shall commence and prosecute such action, actions, or proceedings in mandamus or by injunction in the name of the state as may be directed by the commission, against such public utility or railroad, alleging the violation complained of and praying for proper relief, and in such case the court may make such order as may be proper in the premises.”
Under favor of the provisions of this section the commission may, when a public utility has committed an act in violation of law, apply to the attorney general, who shall commence and prosecute a proceeding by injunction against such utility. And again, we know of no reason why a telephone company itself whose territory has been unlawfully invaded cannot apply to a court for an injunction and *209 ask that the invading company be enjoined from operating in that locality. An injunction in such case would be effective until the company which is enjoined secures a certificate from the public utilities commission, upon whom is imposed the duty of determining whether the operation by such company is proper and necessary for .the public convenience.
Our attention has been called to The State Public Utilities Commission, ex rel. The Noble Telephone Co., v. The Noble Mutual Telephone Co. et al., 268 Ill., 411; The State Public Utilities Commission, ex rel. Macon County Telephone Co., v. Bethany Mutual Telephone Assn., 270 Ill., 183, and Mountain States Telephone & Telegraph Co. v. Project Mutual Telephone & Electric Co., P. U. R., 1916F, 370, the latter being an Idaho case. The statutes dealt with in those cases are quite different from the statute we are called upon to consider here and these decisions are not at all helpful.
Our holding is that the commission was not authorized to issue an order requiring The Berkey Farmers’ Mutual Telephone Company to cease the operation of its plant for the furnishing of telephone service or to compel it to apply for the certificate contemplated by the provisions of Section 614-52, General Code. It follows then that the order dismissing the proceeding was not unlawful or unreasonable.

Order sustained.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.