(No. 11782.—Judgment affirmed.)

THE STATE PUBLIC UTILITIES COMMISSION *ex rel.* The Evansville Telephone Company, Appellant, *vs.* THE OKAW VALLEY MUTUAL TELEPHONE ASSOCIATION, Appellee.

*Opinion filed February 20, 1918.*

1. PUBLIC UTILITIES—*jurisdiction of the Public Utilities Commission.* The jurisdiction of the Public Utilities Commission is by the terms of the Public Utilities act confined to the control and supervision of owners and operators of property devoted to public use and to prosecutions, in the name of the People, of parties violating the orders of the commission and the provisions of the act.

2. SAME—*Public Utilities Commission cannot entertain prosecution for failure to obtain certificate of convenience and necessity.* The Public Utilities Commission has no jurisdiction to entertain a prosecution before it of any party or parties failing to obtain a certificate of convenience and necessity, as required by section 55 of the Public Utilities act.

3. SAME—*what is necessary to constitute a public use.* While it is not necessary, to constitute a public use, that the benefits be received by the whole public or even by a large part thereof, still it is necessary that all persons have an equal right to the use, and such use must not be confined to specific privileged persons.

4. SAME—*when telephone company is not a public utility.* A telephone company whose charter limits the use of the telephone system to its members is not a public utility and has no right, under such charter, to serve the public, and the fact that the company has permitted persons other than its members to use its telephones does not increase its charter powers, nor can any ordinance of a village or city make the company a public utility. (*Public Utilities Com.* v. *Bethany Mutual Telephone Ass'n,* 270 Ill. 183, followed.).

5. SAME—*Public Utilities Commission cannot enlarge charter rights or powers.* While the Public Utilities Commission has jurisdiction to entertain an application for a certificate of convenience and necessity by any party who is required to obtain such certificate

under section 55 of the Public Utilities act, the commission has no right to extend charter rights or powers, and therefore cannot issue a certificate to a private telephone company to do a telephone business as a public utility. (*Public Utilities Com.* v. *Noble Mutual Telephone Co.* 268 Ill. 411, and *Same* v. *Noble,* 275 id. 121, distinguished.)

6. SAME—*Public Utilities Commission has no jurisdiction to restrain violations of charters.* Violations of its charter cannot have the effect of making a private telephone corporation a public utility, and the Public Utilities Commission has no jurisdiction to restrain such violations, although it may proceed by injunction against the corporation in the name of the People, in the proper court, to restrain the performance of the alleged illegal acts.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, GEORGE T. BUCKINGHAM, WILLIAM E. TRAUTMANN, and ALBERT D. RODENBERG, for appellant the Public Utilities Commission.

WILLIAM M. SCHUWERK, for appellant the Evansville Telephone Company.

H. CLAY HORNER, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant the Evansville Telephone Company, a corporation organized in 1904 under the general Incorporation act of this State for the purpose of doing a general telephone business in Evansville, Illinois, and vicinity, and which was conducting a telephone exchange in said village, on September 12, 1916, filed a complaint with the Public Utilities Commission of Illinois against appellee, the Okaw Valley Mutual Telephone Association, praying that appellee be restrained from operating and maintaining a telephone system, switch-board and central station in said village until it should obtain a certificate of convenience and necessity under the provisions of section 55 of the act entitled "An act to provide for the regulation of public utilities." (Hurd's

282 – 22

Stat. 1916, chap. 111*a*, p. 2037.)   Appellee answered the complaint, specifically challenging the jurisdiction of the Public Utilities Commission to enter any order against it under said section.   Evidence was taken before the master in chancery of Randolph county and a transcript thereof was filed with the commission.   After considering the evidence returned by the master upon the issues the commission granted the relief prayed in the complaint and ordered appellee to cease the operation of its telephone system in said village and vicinity until it obtained such certificate of convenience and necessity from the commission authorizing it to engage in the operation of such system.   An appeal was taken from such order to the circuit court of Sangamon county, where the order of the commission was reversed.   From that judgment the Public Utilities Commission and the Evansville Telephone Company prayed and were granted an appeal to this court.

The objects for which the appellee was incorporated, as disclosed by its charter and its application therefor, are to erect and maintain a telephone system in and in the vicinity of the village of Evansville, Randolph county, Illinois, "for the private use of the members of said association, only for the purpose of telephonic communication between them and for their private and community interest, and not for the pecuniary profit of any person or persons connected with said association and not for the pecuniary profit of any stockholder or person interested as owner of any interest in said corporation."   The record shows that appellee was incorporated February 2, 1916, with about forty members, most all, if not all, of whom were patrons of the Evansville Telephone Company, and that the cost of the telephones and service of the same to every member of the company is $22.50, and in addition thereto switching charges of about $4 per year.   The lines and poles of appellee paralleled the lines of the Evansville Telephone Company throughout the territory served by it, and appellee's lines and poles are

connected with a central switch-board in said village. Appellee's system has no connection of any kind with any local, long distance or other telephone system. After it had incorporated appellee was granted the right to use the streets of Evansville for its lines by an ordinance of said village passed March 10, 1916, for the purpose of "supplying to the citizens of said village and the public communication by telephone or electric signals, such right to continue for twenty years," which ordinance was accepted by appellee. On November 28, 1916, after said information was filed, at the instance of appellee the village passed a new ordinance granting the right to appellee "to erect and maintain upon the streets, alleys and public places of said village the poles, wires and fixtures necessary and convenient for supplying to the members of said mutual telephone association communication by telephone, such right to continue for a period of twenty years." An ordinance very similar to the ordinance of March 10, 1916, was passed by said village on February 11, 1916, in favor of appellee, except that the last named ordinance further provided that appellee "shall furnish and install a telephone in the village hall of said village on demand of said village," which latter provision was to be one of the terms upon which the right was granted, but the ordinance was never accepted by appellee. An indiscriminate canvass was made for stockholders by the organizers of appellee before it was incorporated, but no canvass was made for stockholders after it was incorporated and no new stockholders have been accepted since said incorporation, although one of the directors testified that anyone might join appellee as a stockholder by paying $22.50 for a share and in addition thereto $4 switch dues per annum. By the by-laws, whatever of surplus funds should remain after the payment of all costs of the line and switching service is to be divided equally among all the stockholders. It further appears from the evidence that members of appellee used its lines in communicating with parties not members

·of appellee, and that third parties used the lines of appellee in communicating with members of appellee on matters of business or of necessity, but no charges were accepted or made for such communications.   In a few instances members of appellee telephoned to a store in which was placed a phone of appellee and also one of appellant and had messages transferred to the phone of appellant to parties located on appellant's line, and answers from such parties were returned over the line of appellant and the line of appellee to the party requesting such return message.   No charges were made by appellee for any of such messages but appellant in every instance was paid its regular charges for such messages.

The Public Utilities Commission had no jurisdiction to enter any order in this case.   The jurisdiction of the commission is by the terms of the statute confined to the control and supervision of owners and operators of property devoted to public use and to prosecutions of parties violating the orders of the commission and provisions of the Public Utilities act, in the name of the People.   (*Public Utilities Com.* v. *Bethany Mutual Telephone Ass'n,* 270 Ill. 183; Hurd's Stat. 1916, chap. 111*a,* secs. 75, 78, 79.)   While it is a part of its duty to prosecute violators of its rules and orders, as aforesaid, and for violations of the Public Utilities act, the commission has no jurisdiction to entertain a prosecution before it of any party or parties failing or neglecting to obtain a certificate of convenience and necessity who are required to do so under said section 55.   It simply has the right and is clothed with the duty to prosecute such parties in the proper courts, as provided in sections 75, 78 and 79.   The commission would, however, have jurisdiction to entertain an application for such certificate of convenience and necessity by any party who is required to obtain such certificate under section 55.

While it is not necessary that the benefits be received by the whole public, or even by a large part thereof, to con-

stitute a public use, still it is necessary that all persons have an equal right to the use, and such use must not be confined to specific privileged persons to make it a public use within the meaning of said act. "The question of the nature of a corporation cannot depend upon the number of persons engaged in the enterprise for their mutual benefit, but the nature of a corporation and the purpose for which it is organized must be ascertained by reference to the terms of its charter, and in the case of a corporation organized under a general law such nature and purpose are defined by that law." (*Public Utilities Com.* v. *Bethany Mutual Telephone Ass'n, supra.*) The charter of appellee is substantially identical in its provisions with the charter of the Bethany Telephone Association considered by this court in the case above cited and limits the use of appellee's telephone system to its members. It is not a public utility corporation within the meaning of said act, and it has no right or power, under its charter, to serve the public with telephone service, as could a public utility corporation organized and equipped to give the public such telephone service. It can only exercise the rights and powers granted by its charter, and would be subject to a penalty and to a forfeiture of its franchise if it should assume to act or to serve the public, generally, as a telephone company organized and chartered to serve the public for hire. It had no right to a "certificate of convenience and necessity" under section 55 or under any other section of the act, and could not legally have obtained one without first obtaining a new charter if it had applied in person to the commission for such certificate. The Public Utilities Commission is given no right or power to extend appellee's charter rights and powers, and it therefore has no right or power, under the statute, to issue to it a certificate of convenience and necessity or to give it the right and power to do a telephone business as a public utility.

It is not necessary or proper for us to determine in this case the question whether or not appellee has exceeded or violated its charter rights, as no such question is presented by this record. If it be true that appellee has violated its charter or usurped rights and powers not granted to it, such violations cannot have the effect to make it a public utility. Such violations, if any, would give the commission the right to proceed against appellee, in the name of the People, by injunction to restrain appellee from the performance of such illegal acts, as provided in section 75, and such action would have to be begun in a proper court of competent jurisdiction to entertain such proceedings, but we can find no provision anywhere in said act that gives the commission jurisdiction to restrain appellee from committing such illegal acts. As the commission was without jurisdiction to enter any order in the case, the circuit court properly reversed its decision without any remanding order or direction to the commission.

The first ordinance of the village granting appellee the right to use its streets for telephone lines, etc., has no significance in this case as it was never accepted by appellee. The second ordinance of the village can have no effect in the decision of this case, which is practically admitted by appellant, as no ordinance of the village could have the effect to make appellee a public utility. For the same reason and for other reasons above given the fact that other parties were permitted, without charge, to use the phones of appellee, even where the same were used in transferring messages to persons on the line of the Evansville Telephone Company, has no significance in the decision of this case. This is true, also, as to the complaint that appellee is apparently assuming the right to add members, without limit, as stockholders. The evidence shows that it has not done so, and all such complaints are merely, in substance, complaints to the effect that appellee is exceeding, or about to exceed, its charter rights and powers.

The cases of *Public Utilities Com.* v. *Noble Mutual Telephone Co.* 268 Ill. 411, and *Public Utilities Com.* v. *Noble*, 275 id. 121, cited by appellant and relied on by it as authority for its contention, are not in point. The telephone companies or individuals complained against were not incorporated with charters defining their rights and powers, as the charter of appellee does in this case. The question of the jurisdiction of the Public Utilities Commission to entertain the complaint was not raised in either of those cases except on the ground they were not public utilities.

We do not regard the case of *Terminal Taxi-cab Co.* v. *Public Utilities Com.* 241 U. S. 252, as announcing any doctrine contrary to the holding of this court in *Public Utilities Com.* v. *Bethany Mutual Telephone Ass'n, supra.* The holding of the Supreme Court of the United States in the case just cited is that the corporation therein complained of was an agency for public use for the conveyance of persons, because of the fact that it was authorized by its charter to "operate automobiles, taxi-cabs and other vehicles and to carry passengers and goods by such vehicles," although its charter further declared that it was not "to exercise any of the powers of a public service corporation." The fact that it was authorized to operate automobiles, etc., and to carry passengers by such vehicles, authorized it to do the business of a common carrier, and it was therefore chartered as "an agent for public use for the conveyance of persons," etc., notwithstanding that the charter further recited that it was not to exercise any of the powers of a public service corporation. It was therefore said in that case, in substance, that what it was authorized to do, and really did do, under that authorization determined the question whether or not it was a public service corporation.

For the reasons above given the judgment of the circuit court is affirmed.

*Judgment affirmed.*