[Civ. No. 4139.  First Appellate District, Division One.—January 16, 1922.]

THE PEOPLE, etc., Appellant, v. ORANGE COUNTY FARMERS AND MERCHANTS ASSOCIATION, Respondent.

[1] CO-OPERATIVE ASSOCIATION—RIGHT TO OPERATE TELEPHONE SYSTEM—EXCLUSIVE USE OF MEMBERS.—A nonprofit co-operative association organized under the provisions of the Civil Code is not prohibited from obtaining a franchise and operating a telephone system for the exclusive use of its members because it is not organized under the code provisions relating to telegraph and telephone corporations.

[2] ID.—INSTALLATION OF TELEPHONE SYSTEM BY CO-OPERATIVE ASSOCIATION—CONSTITUTIONAL LAW.—The installation of a telephone system by a co-operative association for the exclusive use of its members is not outside the express purposes of its organization, so as to bring it within the inhibition of article XII of section 8 of the constitution, which prohibits corporations from engaging in any business not expressly authorized by its charter.

[3] ID.—PERMIT FROM RAILROAD COMMISSION UNNECESSARY.—A co-operative association is not required, as a prerequisite to the use of public streets for its private telephone line and to the exercise of the franchise granted by the board of supervisors, to obtain a certificate of public convenience and necessity from the Railroad Commission as required by the Public Utilities Act.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, and Marks & Launer for Appellant.

H. C. Head, A. W. Rutan and G. K. Scovel for Respondent.

RICHARDS, J.—This proceeding was instituted by the attorney-general of the state of California upon the relation of Chas. S. Knowlton, a resident and taxpayer of the county of Orange, for the purpose of having it adjudged that the defendant is unlawfully usurping, holding, and exercising the right to construct, maintain, and operate a telephone system in the said county of Orange and to use and occupy the public streets of said county for such purposes; and to have said defendant excluded from using the said public streets for such purposes and from using or enjoying a certain franchise attempted to be granted to said defendant by the board of supervisors of said county giving to it the right and privilege so to do.

The facts of the case are undisputed. The defendant is a nonprofit co-operative association organized under the provisions of title XX, part IV, division I, of the Civil Code of the state of California. The purposes for which said association was formed, as stated in its articles of association, are to establish a farmers', fruit-growers', merchants', and business men's improvement, information, and publicity bureau and system for the benefit and mutual improvement of the members of the association and to facilitate the exchange of information, advices, ideas, crops, weather, and financial reports and other communications among its members. The membership of the association was to be made up of such persons, residents of the said county, who were above the age of eighteen years and who upon application might be elected to membership therein by the board of directors thereof. The association having been duly organized under the foregoing provisions of the Civil Code, applied for and obtained a franchise from the board of supervisors of the county of Orange permitting it to construct, maintain, and operate a telephone system for the use of its members and for that purpose to erect and main-

tain a system of poles and wires along and upon the public streets of said county. It is conceded that the association has not applied for or obtained any certificate of public convenience and necessity from the Railroad Commission of the state of California authorizing it to establish or maintain a telephone system in the said county of Orange or elsewhere or to use any of the streets of said county for the purpose of installing and operating such telephone system and service. It is also conceded that the members of the association using, and who shall use, said telephone system and service shall pay a sum for the said use thereof sufficient in the aggregate to liquidate the cost of its operation. It is not alleged nor contended that the association in the establishment and operation of said telephone system is actuated by any bad faith or improper motives, such as that of evading the provisions of the law relative to public utilities or as that of engaging in competition with another regularly organized telephone system under the disguise of a co-operative and nonprofit organization or of serving the general public under such a guise. Upon the hearing of the cause the only evidence adduced other than that of the records and files of the association itself was the testimony of the relator as to his status as a resident and taxpayer of said county of Orange, and the testimony of the secretary of the association identifying its records and files. Upon submission of the cause the court made the following findings of fact:

"That at all the times mentioned in plaintiff's complaint on file herein, said defendant was, and now is, a non-profit, co-operative Business Association, duly organized and existing under and by virtue of the laws of the State of California and in particular under and by virtue of the provisions of Title Twenty, Part Four, Division One of the Civil Code of the State of California; that in order conveniently, economically and successfully to carry out the objects and purposes of said Association, as stated and set forth in its Articles of Association, it is necessary for the members of said Association to have quick and inexpensive means of communication among themselves and in order to afford the members of said Association quick and inexpensive means of communication among themselves, it is necessary and convenient for said Association to establish

and maintain a system for telephonic communication among the members of said Association, the said telephone system being established and maintained at cost to the members of said Association and its use confined to the members thereof; that, in order to carry out the aforesaid purposes, the said Association has purchased and acquired and owns a franchise from the County of Orange, State of California, granted to said Association by Ordinance No. 166 of the Board of Supervisors of said County of Orange, a copy of which is set forth in plaintiff's complaint. That in pursuance to the terms and provisions of said franchise said defendant has during the times mentioned in said complaint, erected, established, maintained and operated and is now erecting, establishing, maintaining and operating in the public streets of said County of Orange, poles with telephone lines thereon and has heretofore established and is now establishing telephone offices with telephone equipment therein for the purposes of transmitting telephone messages and communications over said lines by means of said wires, instruments and appliances; that by the said organization of said Association and in accordance with the provisions of said Ordinance No. 166, said defendant has used at all the times mentioned in said complaint, and is now using and holding and exercising the right to construct, maintain and operate a telephone system within said County of Orange and to construct, maintain and operate telephone lines in, upon, under, over and along the public streets of said County of Orange, for the use and benefit of the members of said Association and, for the purposes hereinbefore stated, and at cost and without profit to said Association and its members.''

Upon the foregoing findings of fact judgment was ordered and entered in favor of the defendant. The plaintiff appeals from such judgment.

[1] The appellant's first contention is that the defendant association is not entitled to engage in the telephone business for the reason that it has not been organized in accordance with the provisions of section 291 et seq. of the Civil Code, which provide what the articles of incorporation of corporations organized for the purposes of engaging in the telegraph or telephone business must contain and what proportion of the capital stock of such corporation must be

subscribed and paid in to the treasury thereof. The answer to this contention is twofold: First, that the respondent does not purport to be organized as a corporation for profit under the code provisions relating to the organization of stock companies; and, second, that the defendant is not a telegraph or telephone organization within the meaning of section 291 et seq. of the Civil Code. The purposes of this association are those set forth in the articles of association specifically enumerated in the foregoing findings of the trial court. As a mere incident to the carrying into effect of such purposes the defendant has undertaken to install a telephone service for the use of its members only and not for general public use or service. An analogy to the respondent's position in that regard would be that of a department store installing a telephone system connecting its various departments for the convenient conduct of its business and to be used only by its members or employees. It could not be said that by the installation of such a system as an incident to its diversified business, the owners of the establishment, whether corporate or not, had gone into the telephone business so as to require their compliance with section 291 et seq. of the Civil Code.

[2] The next contention of the appellant is that the installation of a telephone system by the respondent is outside of the express purposes of its organization so as to bring it within the inhibition of article XII, section 9, of the state constitution, which reads as follows: "No corporation can engage in any business other than that expressly authorized in its charter or the law under which it may have been or may hereafter be organized."

A cursory reading of the articles of association of the respondent will serve to show that this contention is without merit. The very purpose of its existence, as disclosed by such articles, is to facilitate exchange of information, advices, ideas, crop, weather, and financial reports and other communications between and among said members; and in order to carry out the objects and purposes of the association to buy, sell, rent, lease, own, mortgage, hypothecate, and otherwise ˙deal in real and personal property necessary, convenient, or proper for the conduct of its business, including printing equipment *and other equipment and ˙devices for communication, publication and dissemination of*

*information among its members.* This express language is sufficiently comprehensive to include the utilization of such devices and conveniences as the telephone in order to facilitate intercommunication among the members of the association.

[3] The final contention of the appellant is that the respondent, as a prerequisite to the use of the public streets for its telephone line and to the exercise of the franchise of the board of supervisors granting to it this privilege, must first have obtained from the Railroad Commission the certificate of public convenience and necessity required by the provisions of the Public Utilities Act. In support of this contention we are cited to section 50a of the Public Utilities Act (Stats. 1915, p. 115), which reads as follows:

"Sec. 50. (a) No street railroad corporation, gas corporation, electrical corporation, telephone corporation or water corporation shall henceforth begin the construction of a street railroad, or of a line, plant or system, or of any extension of such street railroad, or line, plant, or system, without having first obtained from the commission a certificate that the present or future public convenience and necessity require or will require such construction."

We are also cited to subdivision "t" of section 2 of the said Public Utilities Act, as amended May 11, 1919 (Stats. 1919, p. 489), which provides:

"(t) The term 'telephone corporation,' when used in this act, includes every corporation or person, their lessees, trustees, receivers or trustees appointed by any court whatsoever, owning, controlling, operating or managing any telephone line for compensation within this state."

These provisions of the Public Utilities Act have evident reference to such public service corporations, companies, or persons as from the nature of their organization, purpose, and service come within the meaning of the term "public utilities." They have no reference to organizations or associations which are engaged in delivering a commodity as a mere incident to their main objects and purposes and at cost to their members only. It has been so ruled by the Railroad Commission, which has declined to extend the provisions of the Public Utilities Act to such organizations. (*Steele* v. *Sierra Verdugo Water Co.,* P. U. R. 1920C, 140.) We approve this ruling as in harmony with reason and with

the rulings of the courts and other jurisdictions construing the provisions of public utilities acts similar to our own.  In the case of *State Public Utilities Com. ex rel.* v. *Bethany Mutual Tel. Assn.*, 270 Ill. 183 [Ann. Cas. 1917B, 495, 110 N. E. 334], it was held that a mutual telephone association which was limited by its charter to devote its property and service to its members only and at cost did not come within the terms and provisions of the Public Utilities Act of Illinois (Hurd's Rev. Stats. 1919, c. 111a), which had for its object the bringing under public control for the common good, property applied to a public use.  In that case as here it was argued that the fact that the association had obtained a franchise from the municipality to maintain and operate telephone poles, wires, and fixtures in the streets thereof was to be taken to indicate that the property of the association was to be devoted to a public use; but the court aptly said: "If poles and wires should be placed on streets and highways it would no more prove that the use is public than the fact of farmers driving upon the public highways with their own products would tend to prove that they are common carriers."  (*State Public Utilities Com. ex rel.* v. *Bethany Mutual Tel. Assn.*, *supra*.  See, also, *People* v. *Ricketts*, 248 Ill. 428 [94 N. E. 71]; *State Public Utilities Com.* v. *Monarch etc. Co.*, 267 Ill. 528 [Ann. Cas. 1916A, 528, 108 N. E. 716]; *Wehr* v. *Seneca etc. Tel. Co.*, P. U. R. (Ohio) 1916E, 479.)  For the foregoing reasons, and on the strength of the above authorities, we are of the opinion that the trial court was not in error in ruling that the plaintiff was not entitled to the relief prayed for in its complaint.

Judgment affirmed.

Kerrigan, J., and Tyler, P. J., concurred.