# HENRY KUECKEN *et al.*

## *v.*

## JOHN VOLTZ.

*Filed at Ottawa June 13, 1884.*

1. EASEMENTS — *of the different kinds — and the incidents thereof.*
Easements are of two kinds—appurtenant or appendant, and in gross. The former run with the land, and pass by a deed of conveyance; but the latter are personal, and will not pass by a deed of conveyance.

2. SAME—*grant of a way—whether in gross, or appurtenant—presumption.* The grant of a way is never presumed to be in gross when it can be fairly construed to be appurtenant to the land.

3. SAME—*reservation of a servitude—whether the servitude becomes appurtenant.* Where it appears, by fair interpretation of the words of a grant, that it was the intention of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of other land of the grantor, and originally forming, with the land conveyed, one parcel, such right will be deemed appurtenant to the land of the grantor, and binding on that conveyed to the grantee; and the right and burden thus created will pass to and be binding on all subsequent grantees of the respective lots of land.

4. SAME—*in the particular case.* A, being the owner of eighty-nine feet of ground, bounded on the east and south by two streets, and extending west ninety feet to a lot extending north and south its entire width, in 1856 sold B the south forty-nine feet of the tract, which was followed by a deed on June 1, 1860, the contract and deed both containing this clause: "Excepting and reserving therefrom ten feet across the west end of said premises, for an alley." This forty-nine feet passed by *mesne* conveyances to C, the deeds containing the same reservation as in the deed from A. In 1860 A sold to D twenty feet off the south side of the remainder of his said tract, but prior to this he conveyed the north twenty feet joining that sold to D, and it passed by *mesne* conveyances to E. The deeds conveying each of these tracts contained the same exception and reservation as in the first deed. At the time A sold the forty-nine feet he did not occupy any part of the tract, but was a non-resident of the State: *Held,* that the situation and location of the property, the manner in which it was used, in connection with the reservation and exceptions contained in all the deeds from A, clearly indicated an intention to create or establish an alley for a right of way, in the nature of an easement in the property granted to B, for the benefit of the other adjoining property owned by A.

5. SAME—*whether lost by mere non-user.*  Easements acquired by deed, as a general rule, are not lost by non-user, when there is no adverse possession to bar the right.

6. SAME—*limitation—what is an adverse possession.*  In order to bar an easement, such as a right of way appurtenant, the proof must show twenty years' adverse possession.  The building of a sidewalk on a street adjoining land over which there is such an easement, and maintaining the same, can not be regarded as an adverse possession of such land.

7. DEDICATION—*reservation in a deed, of part of a lot for an alley.* An owner of a tract of land in a city sold and conveyed the south forty-nine feet thereof, the deed containing this clause: "Excepting and reserving therefrom ten feet across the west end of said premises, for an alley:" *Held,* that the ten feet across the west end did not pass, but was reserved from the grant, and dedicated to a specified purpose,—to be used for an alley.

8. CONSTRUCTION OF CONTRACTS—*ascertainment of intention.*  In construing deeds or other writings, courts must seek to ascertain and give effect to the intention of the parties; and for that purpose they may and will take notice of attendant circumstances, and by them determine such intention.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. FRANCIS LACKNER, and Mr. SIDNEY C. EASTMAN, for the plaintiffs in error:

Easements and servitudes are of two kinds,—appurtenant or appendant, or in gross or personal.  The former run with the land, while the latter are personal benefits, and are not assignable or inheritable.  A good definition of the subject is found in *Whitney* v. *Union Ry. Co.* 11 Gray, 365.

The grant of a way is never presumed to be in gross when it can fairly be construed to be appurtenant to the land. Washburn on Easements, chap. 1, sec. 3, No. 2, and chap. 2, sec. 1, No. 5; *Louisville and Nashville R. R. Co.* v. *Koelle,* 104 Ill. 455; *Winthrop* v. *Fairbanks,* 41 Maine, 307.

Counsel cited and quoted from the following cases, in which reservations and exceptions in conveyances were held to create easements appurtenant to other land:  *Mendell* v. *Delano,*

7 Metc. 176; *Karmuller* v. *Krotz*, 18 Iowa, 353; *Bowen* v. *Conner*, 6 Cush. 132; *Kent* v. *Waite*, 10 Pick. 138; *Child* v. *Chippel*, 9 N. Y. 257.

In construing deeds the courts will ascertain and give effect to the intention of the parties, and for that purpose will take notice of attendant circumstances. *Hadden* v. *Shoutz*, 15 Ill. 582.

Easements acquired by deed can not be lost by non-user. *Arnold* v. *Stevens*, 24 Pick. 106; *White* v. *Crawford*, 10 Mass. 189; *Smiles* v. *Hastings*, 24 Barb. 49; Angell on Watercourses, sec. 252.

Messrs. ROSENTHAL & PENCE, for the defendant in error:

If the thing granted or reserved be non-continuous, or is to be used only occasionally, like a way, it creates only an incorporeal hereditament—an easement—and not an estate or fee in the land. *Garrison* v. *Rudd*, 19 Ill. 563; Washburn on Easements, 29, 31.

Ways are said to be appendant or appurtenant when they are incident to an estate, one terminus being on the land of the party claiming. They must inhere in the land, concern the premises, and be essentially necessary to their enjoyment. Washburn on Easements, *161; *Karmuller* v. *Krotz*, 18 Iowa, 357; *Morgan* v. *Mason*, 20 Ohio, 409; *Garrison* v. *Rudd*, 19 Ill. 558; *Louisville and Nashville R. R. Co.* v. *Koelle*, 104 id. 455.

If an easement has been granted by deed, the ordinary rule which governs in similar cases prevails, namely, that the rights of the parties to the deed must be ascertained from the words of the deed, and the extent of the easement can not be determined from any other source. Goddard on Easements, 275.

Non-user is not exactly of the same character as adverse enjoyment, though the length of time—twenty years—which it takes to destroy an easement by non-user is the same as

it takes to acquire a title by adverse enjoyment.    Washburn on Easements, chap. 5, sec. 6, p. 669.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Henry Kuecken and Bertha Reinke, to compel the opening of a certain alley, extending from the west end of two certain lots owned by the complainants, south across the west end of two lots owned by John Voltz, to Chicago avenue.    The location of the property and the alley will be better understood and more easily comprehended by an examination of a plat introduced in evidence, which is as follows:

In 1856 George B. Chandler owned eighty-nine feet front on Wells street, extending west ninety feet deep on Chicago

avenue. On the 15th day of May of that year, Chandler sold to Michael O'Neil, by written contract, which was followed by a deed on June 1, 1860, the south forty-nine feet of said tract. The contract and deed both contained the following clause: "Excepting and reserving therefrom ten feet across the west end of said premises, for an alley." This forty-nine feet passed, by *mesne* conveyances, to John Voltz, the defendant in the bill, the deeds conveying the property containing the same exception and reservation embraced in the contract and deed from Chandler to O'Neil. In 1860 Chandler sold Reinke twenty feet front on Wells street, adjoining on the north the forty-nine feet sold to O'Neil. Prior to this, however, (in 1859,) he conveyed the twenty feet north of the last named tract, and said tract passed, by *mesne* conveyances, to Kuecken. The deeds conveying each of these tracts contained the same exception and reservation contained in the deed to O'Neil. The circuit court, on the hearing, on the evidence, held that the reservation contained in the deeds was for the benefit of Chandler alone, and that no easement was created for the benefit of the different owners of abutting property, and dismissed the bill.

It is conceded in the argument that an easement was created by the exception and reservation contained in the deeds under which Chandler conveyed the property, but it is contended by the defendant's counsel that the language used created an easement or right of way in gross, personal to the grantor, (Chandler,) while, on the other hand, complainants insist that a proper construction of the language employed in the deeds created an easement appurtenant, which runs with the land.

Easements are of two kinds—appurtenant or appendant, and in gross. The former run with the land, and pass by a deed of conveyance; but the latter are personal, are not assignable, and will not pass by a deed of conveyance. The grant of a way is never presumed to be in gross when it can

fairly be construed to be appurtenant to the land. (Washburn on Easements, chap. 1, sec. 3.) There is another rule that may be resorted to in construing the language contained in the deeds, which is declared in *Hadden* v. *Shoutz*, 15 Ill. 582, as follows: "In construing deeds or other writings, courts must seek to ascertain and give effect to the intention of the parties, and for that purpose they may and will take notice of attendant circumstances, and by them determine the intention of the parties."

Had Chandler occupied the two lots now owned by complainants, at the time he sold O'Neil the forty-nine feet, there might be more force in the argument that the reservation of the ten feet was personal, and intended merely for his own use, to reach Chicago avenue from the rear end of his two remaining lots. But such was not the case. The lots were then vacant, and Chandler resided in another State. Again, why was the same reservation and exception incorporated in the deeds which were subsequently made to the complainants for the two remaining lots, if there was no purpose or intention of establishing a right of way over and across the west end of all the property? If the reservation over the forty-nine feet was intended merely as a personal right for the benefit of Chandler alone, when he subsequently sold the other lots it is fair to presume the deeds would have contained no such exception and reservation. On the other hand, if the original intention was to establish an alley for a right of way over the property for the benefit of all subsequent owners, we can perceive a reason for each deed conveying each lot containing the same exception and reservation, as they do. The situation and location of the property, the manner in which it was used, in connection with the reservation and exceptions contained in all the deeds from Chandler, clearly indicate an intention to create or establish an alley for a right of way, in the nature of an easement in the property granted to O'Neil, for the benefit of the other adjoin-

ing property, at the time owned by Chandler. Doubtless, Chandler, at the time he conveyed the forty-nine feet, expected and intended to sell the remaining two lots, and the reservation of an alley across the west end of the land sold was intended as an appurtenant to the remaining lots, which might enhance the price, as being beneficial to a future purchaser.

A concise statement of a grant which may be regarded appurtenant, may be found in *Whitney* v. *Union Ry. Co.* 11 Gray, 365. It is there said: "When it appears, by fair interpretation of the words of a grant, that it was the intention of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of other land owned by the grantor, and originally forming, with the land conveyed, one parcel, such right will be deemed appurtenant to the land of the grantor, and binding on that conveyed to the grantee; and the right and burden thus created will pass, respectively, to, and be binding on, all subsequent grantees of the respective lots of land." From the language of the deed there was certainly no intention of conveying the title to the ten feet in question to O'Neil, but, on the contrary, the ten feet was expressly excepted and reserved from the grant, and dedicated to a specified purpose,—to be used for an alley. See, also, *Winthrop* v. *Fairbanks*, 41 Maine, 307; *Kent* v. *Wait*, 10 Pick. 138; *Mendell* v. *Delano*, 7 Metc. 176; *Karmuller* v. *Krotz*, 18 Iowa, 353.

The case of *Garrison* v. *Rudd*, 19 Ill. 558, has been cited as an authority by the defendants. The case is, however, so different from the one under consideration that it can not be regarded as an authority here. The reservation in the case cited was merely the joint use of a certain alley from a public highway to a river. Neither terminus was on the land of the party claiming. The court properly, under the facts there presented, held the grant to be in gross.

The defendants also rely upon twenty years' adverse possession of the alley to defeat the relief claimed in the bill.

We do not regard the evidence relied upon sufficient to establish this defence. O'Neil erected a house on Chicago avenue, on the ten feet in question, in 1857, and the property was thus occupied until 1871, when the house was destroyed by fire, and no buildings were afterwards erected on the ten feet. A sidewalk was built in the street after the house was destroyed, but this can not be regarded as an adverse possession of the land in question. In order to avail of the Limitation law, the proof must show twenty years' continuous adverse possession, while here the evidence shows only about fourteen years.

It is also claimed that complainants lost their rights by non-user. Easements acquired by deed, as a general rule, are not lost by non-user, where there is no adverse possession to bar the right. Angell on Water-courses, sec. 252; *White* v. *Crawford,* 10 Mass. 189; *Arnold* v. *Stevens,* 24 Pick. 106; *Smith* v. *Hastings,* 24 Barb. 49.

The judgment of the Appellate Court will be reversed, and the cause remanded.

*Judgment reversed.*