(No. 12190.—Decree affirmed.)

Lewis M. Perry, Appellee, *vs.* Mary E. Wiley *et al.* Appellants.

*Opinion filed October 21, 1918.*

1. Easements—*record of deeds granting easement is sufficient notice.*  Where a right of way for a carriageway over an adjoining tract of land to the street is granted to the purchaser of lots in the deeds thereto, the record of such deeds is sufficient notice of the easement to a purchaser of the servient tract, and the fact that one of the dominant lots abuts upon the street to which access is given by the grant does not destroy the easement.

2. Same—*when grant of a passageway is sufficiently definite.* Where the owner of two lots abutting lengthwise on the same street and adjoining each other at the rear, conveys the east lot and grants a right of way for a carriageway of the width of ten feet from the west end of said lot to the street, the right of way so granted covers ten feet of the west lot along the whole west end of the lot conveyed.

3. Same—*easement created by express grant not lost by mere non-user.*  An easement created by express grant is not lost by mere non-user but can only be extinguished by hostile, adverse possession for the statutory period.

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding.

J. S. Dudley, (William R. Wiley, of counsel,) for appellants.

Adams, Crews, Bobb & Wescott, for appellee.

Mr. Justice Cooke delivered the opinion of the court:

Lewis M. Perry, appellee, filed his bill in the circuit court of Cook county to enjoin Mary E. Wiley and Robert E. Wiley, appellants, from obstructing and interfering with a certain right of way over their real estate. A clear understanding of the situation presented by the bill can be better secured from an inspection of a plat of the property in question. The plat is as follows:

The bill charges that appellee is the owner of two tracts, marked 1 and 2 on the plat; that on February 20, 1892, Jonathan W. Beebe, who was then the owner of this prop-

erty, conveyed tract 1 to William H. Layton, the deed, after describing the tract, containing the following language: "Also right of way for a carriageway over lot three (3) of said block six (6) from the west end of said piece of land above described to Emerson road, together with the right to use said right of way for the passage of teams to and from said Emerson road to said land;" that on August 29, 1905, Beebe conveyed tract 3 to Mary E. Wiley, one of the appellants. This conveyance included the 10-foot strip over which appellee claims an easement for right of way. The bill further alleges that tract 1 had been improved for many years, and that the tenants had used the right of way in question for the passage of teams in taking coal to the rear of the buildings on that tract and removing garbage and ashes therefrom for many years until prevented by appellants, who erected a fence across the 10-foot strip about November 1, 1916, and who notified appellee at that time that no further use could be made of that strip as a passageway.

Appellants filed joint and several answers, admitting ownership of tract 3 by Mary E. Wiley, and alleging that the same was acquired without limitation or restriction with reference to any easement or right of way; that appellants entered into possession of tract 3 under their deed of conveyance and had ever since been in the sole and exclusive possession thereof without any knowledge or notice on the part of either of them of any claim or right of appellee by way of easement, right of way or otherwise, and that their possession has been uninterrupted, open, notorious and adverse. The answer denies that said strip of land has been used for a passageway for many years next preceding the filing of the bill, and avers that whatever use of that character has been made of the strip of land in question has been wholly by sufferance on the part of appellants and permissive, only. The answer denies any knowledge of appellants or notice to them of the conveyance of such right of way

to appellee, and avers that if such right of way was conveyed it has been determined and abandoned.

The case was referred to the master in chancery, who found the questions of title and the various conveyances as above set out, and who also found that tract 1 was improved and tract 2 is vacant and unoccupied; that a woven-wire fence extends along the north side of tract 2 up to the east line of the 10-foot strip and along the west line of tract 2, which is also the east line of the 10-foot strip, to the north line of tract 1, and that there was no gateway through that fence from tract 2 to the 10-foot strip; that this fence was built in 1898 and took the place of a former fence extending along the same line. The master found further that tract 3 has been improved for fifteen years and is occupied by tenants of Mary E. Wiley; that the curbing in front of the 10-foot strip, and both east and west thereof, on Sherman avenue, is uniform; that the tenants of appellee occupy tract 1, and have used the right of way in question for bringing in coal, taking out ashes, garbage or other refuse, and for affording milk wagons access to the property, during all the time since that tract was acquired by appellee until 1916, at which time such use was interrupted by appellants causing a fence to be erected across the 10-foot strip. The master found there had been no abandonment of the easement and that it did not merge in the fee, as contended for by appellants, at the time appellee purchased tract 2, and recommended a decree in accordance with the prayer of the bill. The report of the master was confirmed and a decree entered accordingly.

The easements created for the use of the owners or occupants of tracts 1 and 2 were created by grant and the deeds were recorded. The record of these deeds was sufficient notice to appellant Mary E. Wiley of the existence of the easement.

Appellants contend that at the time appellee purchased tract 2 the right of way created for the use of tract 1 merged

in the fee, as tract 2 extends into and includes eight feet of lot 3. The deed to tract 1 granted a right of way for a carriageway from the west end of tract 1 to Emerson street. No width of the right of way conveyed was prescribed in this deed. It would follow that the grantee was entitled to a right of way of sufficient width for a reasonable carriageway from the extreme west end of tract 1 to Emerson street, the west boundary line of the right of way being the west line of tract 1 extended north. By the conveyance of tract 2 the parties determined upon the width of 10 feet as the proper width of a right of way for a carriageway, and this is certainly as narrow a width as could be construed to be given to the conveyance of the right of way in connection with tract 1. The right of way in connection with tract 1 was not merged in the conveyance to appellee of tract 2.

Appellants contend that the claim of a right of way appurtenant to the unimproved property, tract 2, should be denied because the language in the deed is too indefinite and uncertain to create a right of way and because it lacks the essentials of a right of way, as the dominant estate itself abuts upon Emerson street. The fact that the dominant estate abuts upon the street is of no importance. The appellee and his grantor might provide by contract for ingress and egress to and from that lot over the adjoining lot on the west if they chose so to do. This they did do, provided the language used in the conveyance is not subject to the criticism made by appellants. The conveyance of a right of way in the deed to tract 2 provided for a right of way for a carriageway of the width of 10 feet from the west end of tract 2 to Emerson road. This clearly was intended to convey a right of way 10 feet in width off of tract 3, extending along the whole of the west end of tract 2. It is of no aid in the construction of the language used to say that as tract 2 abutted upon Emerson street, access could be had to the street from any portion of that tract without any right of way, as it was the evident intention of

the parties to provide for access to tract 2 from Emerson street over the east part of tract 3. The language is definite and conveys an easement over the 10-foot strip in question.

An easement created by express grant cannot be lost by non-user. It can only be extinguished by hostile, adverse possession for the statutory period. (*Kuecken* v. *Voltz,* 110 Ill. 264; *Illinois Central Railroad Co.* v. *Moore,* 160 id. 9; *Swedish Evangelist Lutheran Church* v. *Jackson,* 229 id. 506.) Tract 2 has been vacant and unoccupied ever since it was acquired by appellee. The mere fact that it was fenced in such a manner as to prevent access to it from Emerson street over the strip in question does not defeat the easement.

Appellee also acquired property south of tract 1, and at one time attempted to use this right of way for the purpose of taking material from the later-acquired property to Emerson street. Appellants objected to this use of the easement and appellee desisted. It is contended that the act of appellee in using the right of way for this purpose for a short time operated to extinguish the easement. Appellee ceased this use of the right of way immediately on request of appellants, who made no attempt to terminate the easement on that ground.

Appellants complain that in any event the injunction should be against Mary E. Wiley, alone, and not against both appellants. Robert E. Wiley is the husband of Mary E. Wiley and acted as her agent and transacted her business for her. He superintended the putting up of the fence across this strip, and he was properly made a party defendant to the bill and was properly included as one of the parties against whom the writ issued.

The easement of appellee was not lost, as appellants contend, and the decree of the circuit court is affirmed.

*Decree affirmed.*