(No. 27047.—Decree affirmed.)

WILLIAM P. FORD *et al.*, Appellants, *vs.* H. T. WITWER *et al.*, Appellees.

*Opinion filed September 21, 1943.*

RUNYARD & BEHANNA, (JOHN L. GLEASON, and W. L. CUNNINGHAM, of counsel,) for appellants.

M. O'DONNELL, and R. M. MICHAELREE, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Plaintiffs started this suit in the circuit court of Franklin county for the purpose of settling in them the title to mineral rights in certain lands and to remove from the records as a cloud on the title to the mineral estate an oil and gas lease executed by the defendants to the Ohio Oil Company. After a hearing of evidence the complaint was dismissed for want of equity.

In 1905 the title to the lands involved was held in three ownerships. The then owners of two of the tracts conveyed to Carl Scholz by warranty deed all coal and other minerals in the land described "together with the right to mine and remove all the coal and other minerals." Then follows the covenants and conditions in regard to

removal of the minerals, release of damages for subsidence, the use of part of the surface for development and removal of the minerals and the price per acre to be paid for that which was used. This part of the instrument is in identical language with the one which is set forth in *Jilek* v. *Chicago, Wilmington & Franklin Coal Co.,* 382 Ill. 241. In 1907 the then owners of the third tract conveyed "all the coal, oil, gas and other minerals" under their land to William P. Rend. This instrument contained the same provision as the Scholz deed. All deeds were duly recorded. The record does not disclose that the original owners ever conveyed the surface estate nor does the evidence show what, if anything, the grantees in the mineral deeds did with their respective mineral estates.

The record does not disclose the chain of title of Mary Buehler nor the estates that she owned, but on March 6, 1914, she and her husband conveyed the lands by warranty deed to defendant H. T. Witwer. Following the description of two of the tracts appears the following: "subject however to a conveyance heretofore made to Carl Scholz as Recorded in deed Record '48' Page 408" and following the description of the third tract is the following: "subject however to a conveyance heretofore made to W. P. Rend, recorded in deed Record '57' Page 364."

On April 12, 1916, defendant H. T. Witwer and Anna E. Witwer, his wife, conveyed said lands by warranty deed to Charles Seeber, with the following reservations: "All the coal, oil and gas underlying the surface of the above described land; together with the right to mine and remove all said coal, oil and gas underlying said surface and to manufacture the same and their products without being liable for any injury or damage to the owner of the superincumbent soil and to said soil or anything therein or thereon from any and all causes whatsoever or for surface subsidence caused by mining out the coal, or oil, or gas or from not leaving pillars or artificial supports

under said land, and the further right to make and use underground passages or entries through said property to, and from other mines and lands adjacent thereto and the removal of coal and other property therefrom and with the right to the perpetual use of said passages and entries for mining purposes and for such other purposes as the grantor, his heirs and assigns shall deem proper. It is also covenanted and agreed that the grantor herein, his heirs, grantees and assigns shall have the right to take at any time hereafter the fee of as much of said land as may be by him or them deemed necessary for the purpose of erecting, maintaining and operating hoisting, air, pumping, and escape shafts, telephone and telegraph lines, drill holes, wells, ditches, drains, pipes, reservoirs and any plant deemed necessary for the purposes of the grantor, including buildings for the housing of machinery, materials, men and their families, and the necessary roadways and railroad tracks, to, and from the same, with the right of way for all railroads and switches necessary, or required in the opinion of the grantor or his heirs or assigns to carry coal and other substances to market, whether from said lands or other lands; and for any and all other purposes incident to or convenient for the proper mining, removing or marketing of the substances herein referred to, whether from the above or other lands, but the fee which is so taken shall, when occupied, be paid for at the rate of Sixty dollars per acre. If the surface of any land that is occupied by buildings or permanent improvements be taken, the full cash value of all such improvements shall be paid. The foregoing shall be a covenant running with the land and the surface thereof and the grantees for themselves and their legal representatives, heirs and assigns covenant that they will at the request of the owner of the property hereby reserved execute a warranty deed to the fee of such portion of the surface lands so taken upon receiving payment therefor."

Seeber mortgaged the premises to the Newton Investment Company but the mortgage instrument showing the title or the estates mortgaged is not in the record. However, there was a strict foreclosure of the mortgage and on August 11, 1931, the investment company received a master's deed which, after setting forth the description of the land contained the following: "except the minerals underlying the same as heretofore conveyed, together with certain mining rights and surface privileges." On June 12, 1937, the investment company conveyed the lands by quitclaim deed to plaintiff E. F. Choisser. This deed contained the following: "excepting the coal, oil, gas and other minerals underlying the same, together with the right to mine and remove the same, as heretofore conveyed." It is alleged in plaintiff's complaint that the grantee in the deed went into immediate possession of the lands and has continued in the open, notorious, exclusive and visible possession to the filing of the suit, which was March 23, 1942.

On December 17, 1940, Witwer and wife executed an oil and gas lease covering the major portion of the said premises to the Ohio Oil Company and on September 3, 1941, Choisser executed a similar lease to William P. Ford.

The law is that if plaintiff has no title himself, he can not complain that there is a cloud upon the title, for the presence of such can be no concern of his. *Coel* v. *Glos,* 232 Ill. 142; *Whipple* v. *Gibson,* 158 Ill. 339; *Ritchie* v. *Pease,* 114 Ill. 353.

It is evident that there was a severance of the mineral estate from the surface estate but whether it occurred by the deed which the defendants conveyed to Seeber or by some earlier instrument is immaterial in this case and will not be determined. Under the decisions of this court in *Jilek* v. *Chicago, Wilmington & Franklin Coal Co.* 382 Ill. 241; *Shell Oil Co.* v. *Moore,* 382 Ill. 556, and *Updike* v.

*Smith,* 378 Ill. 600, Seeber did not acquire the mineral estate by his deed from the Witwers and plaintiffs' chain of title runs back to the surface estate which was conveyed to Seeber. Plaintiffs contend that the exception contained in the deed from the investment company to them is ambiguous and that evidence should have been received to determine the intent of the parties. There was no ambiguity in the excepting clause or the excepting clauses contained in the deeds that preceded it. Such evidence was properly rejected. Plaintiffs having failed to show any title in the mineral estate in themselves, it is unnecessary to determine the ownership of the title of such estate in this case.

The decree dismissing the complaint for want of equity was correct and is affirmed. *Decree affirmed.*