(No. 30551.—

LILLY WILEY *et al.,* Appellees, *vs.* LOUISE LAMPRECHT, Appellant.

*Opinion filed September 24, 1948.*

John R. Sprague, of Belleville, for appellant.

F. E. Merrills, of Belleville, for appellees.

Mr. Chief Justice Fulton delivered the opinion of the court:

Lilly Wiley and Richard Wiley, hereinafter called plaintiffs, brought an action for injunction against Louise Lamprecht, hereinafter referred to as defendant, to restrain defendant from obstructing or closing a cart road over defendant's property under which the plaintiffs claim an easement. From an order of the circuit court granting the injunction, the defendant appeals. A perpetual easement involves a freehold and the appeal comes properly to this court.

Upon a trial of the case in the circuit court of St. Clair County, a decree was entered finding that plaintiffs had an easement for said cartway by prescription, necessity and estoppel, and an injunction was entered enjoining and restraining defendant from closing the cartway and from denying plaintiffs and grantees and assigns ingress and egress to the same.

The facts show that the plaintiffs own a triangular parcel of real estate, ¾ of an acre in extent, lying west of and adjacent to the 100-foot right of way of the Louisville and Nashville railroad. The plaintiffs went into possession of this property in 1924 as tenants. Louise Lamprecht owns a tract of ground to the east of this Louisville and Nashville railroad right of way, extending to Illinois State Highway Route No. 159. The two tracts are separated by the 100-foot right of way of the railroad and do

not adjoin each other at any point. Prior to 1926 both the Lamprecht and Wiley properties were owned by the General Clay Products Company. In 1928 the entire tract was purchased by Regina Leo as a result of the bankruptcy of the General Clay Products Company, and shortly thereafter Mrs. Leo deeded the Wiley tract to the First National Bank of Belleville. The plaintiffs purchased the Wiley tract on contract, and on July 25, 1945, the First National Bank of Belleville deeded the said tract to the plaintiffs. The defendant purchased her premises from George F. Michael in September, 1944.

The plaintiffs charge in their complaint that they were the owners of the real estate above described and that prior to the year 1926, the said tract of real estate was a part of a larger tract comprising about 18 acres owned by the General Clay Products Company; that for a period of more than 20 years prior to July 1, 1946, there was a road or cartway leading in an easterly direction beginning at the right of way of the Louisville and Nashville railroad and running in an easterly direction to State Highway Route No. 159; that plaintiffs' and defendant's title to their respective premises is derived from a common source, to-wit, one Regina Leo; that the plaintiffs have had open, notorious, continuous, uninterrupted and adverse possession under a claim of right to the road or cartway above described for more than 20 years prior to July 1, 1946; that the said road or cartway is the only means of egress and ingress to and from plaintiffs' premises which are located immediately west of the right of way of the Louisville and Nashville railroad; that the plaintiffs are entitled to an easement over the cart or roadway above referred to by prescription and also by necessity; that the plaintiffs have been notified by the defendant that she proposes forthwith to close the west portion of said roadway, that is to say, for a distance of approximately 150 feet in an easterly direction leading from the right of way of the Louisville

and Nashville railroad; that the plaintiffs are the owners of livestock and chickens, and without a roadway it is not possible to get feed to their stock; that it is also necessary for plaintiffs to obtain safe drinking water from nearby premises, and without the use of said roadway they would be unable to obtain water and would be compelled to dispose of their stock and vacate their home and suffer irreparable injury.

The defendant answered the complaint and denied all the material allegations therein contained. She maintains the plaintiffs were not entitled to any of the relief prayed for.

It is agreed that from 1928 to 1930 there was a cart road on the Lamprecht property, beginning at highway 159, which ran westerly on the Lamprecht property, made a turn to the right or north to brick kilns on said property half way into the premises and then back to highway 159. This way also serves four houses located upon defendant's land, occupied by tenants of defendant, and is the only road on her property.

It is the contention of the defendant that no part of that road extended to the Louisville and Nashville right of way but stopped approximately 100 to 150 feet easterly therefrom. The defendant testified that on December 12, 1944, when she purchased the Lamprecht property, there was a foot path from the point on her property where the cart road turned to the right extending west to the Louisville and Nashville right of way. She further testified that she improved the road on her own property and made it wider and that shortly thereafter she noticed car tracks where the footpath was from the turn in her road to the Louisville and Nashville railroad right of way. This portion of the cart road extending from the turn in the Lamprecht road to the Louisville and Nashville right of way is the 100-foot portion in dispute in this case.

The testimony is in absolute conflict over the existence of this portion of said cartway. Mrs. Wiley, one of the

plaintiffs, testified that she and her husband went into possession of their property in 1924, as a tenant of Georgia Whitfield, pending a working out of details for purchase. She further testified that she received all her groceries, stock feed, coal and merchandise by use of the cartway leading from route 159 westward to the Louisville and Nashville railroad right of way and had done so for more than 22 years prior to the filing of her complaint. Coal and other heavy merchandise were dumped on the east side of the right of way and were then carried across the right of way to the plaintiffs' house. Plaintiffs also crossed the right of way on foot and used the cart road to highway 159 to take the bus and for other purposes. She testified that the property now owned by her was occupied for a number of years by Mr. and Mrs. Whitfield and they used the cart road in question as a means of ingress and egress to the road which is now route 159. She testified that she had no other way to get out of her premises for a doctor, coal, ice or anything whatsoever but by that one road. It was their practice to drive a car down the cartway and park it on the east side of the Louisville and Nashville right of way.

The plaintiffs' testimony concerning the use of the cartway from route 159 to the right of way of the Louisville and Nashville railroad is supported by the testimony of other witnesses, particularly one George Diehl. He stated that he had delivered groceries over that road and across the Louisville and Nashville tracks to the Wiley property for a period of 25 or 30 years; that in delivering groceries to the Wiley family he always used that particular road and that there had been a cartway over which he drove his car for the period of time above mentioned.

The defendant obtained title to her land on September 12, 1944, by virtue of a deed from George F. Michael and wife. The description in her deed covered two tracts of land. Following the description of tract No. 1 appeared

the following clause: "Excepting the road way as now located," and following the description of tract No. 2, the following statement appears: "Subject to existing road way easements and to the rights of the public in any and all legal established highways there over adjoining and adjacent thereto." The rule is firmly established that the grantee in a deed is estopped to deny the recitals therein, and after the deed is duly placed of record all persons claiming through the grantee are likewise estopped. *Ambarann Corp.* v. *Old Ben Coal Corp.* 395 Ill. 154.

The defendant relies upon the testimony of V. C. Leo, who at one time owned both the Wiley and Lamprecht properties. He testified that in 1935 and 1936 he was acquainted with the premises and that there was no cartway leading over to the Louisville and Nashville right of way, and that the road from highway 159 westerly on the Lamprecht property ended at a point about 150 feet from the said right of way. He also testified that there was no road or path over the disputed portion; that the space between the turn in the road and the track was all covered by brush and weeds. He further stated that when Michael owned the property there was a gate or obstruction across the roadway, half way up the road, which was sometimes closed and sometimes open. Leo sold the property to Michael and testified that Mrs. Lamprecht was a client of his and that he handled real estate transactions for her.

John Whitacre and his wife, who are tenants of Mrs. Lamprecht, testified that in 1935 and 1936 there were two gates across the roadway which would obstruct any travel thereover. They also testified that the cartway did not extend as far as the Louisville and Nashville right of way. Two sons of the plaintiffs disputed the testimony concerning the gates across the cartway and testified that when Michael owned all the property he kept hogs in the two tracts of land and there were gates, one on each side of the road, but no fence across the cartway; that on one

side of the road Michael kept little hogs and on the other side, the larger hogs; that his property was in two separate parts and there was a fence enclosing each part on either side of the cartway, but that there was no obstruction to travel over the cartway leading from route 159 to the right of way of the Louisville and Nashville Railroad Company.

The defendant has introduced evidence tending to show the existence of another roadway available to the Wiley tract, but the proof is far from being clear or convincing. We think on the whole record it is apparent plaintiffs have no way of getting into and out of their property except by crossing the Louisville and Nashville railroad right of way and using the cart road to route 159 or by trespassing on the lands of strangers.

The main question in the case is whether or not the proof establishes use of the cartway for more than 20 years. In order to establish a way by prescription, public or private, the use must be adverse, uninterrupted, exclusive, continuous and under a claim of right. (*Monroe* v. *Shrake,* 376 Ill. 253.) The burden of establishing such a right rests on the party pleading it. Where a way has been used openly, uninterruptedly, continuously and exclusively for more than a period of 20 years, origin of the way not being shown, there is a presumption of a right or grant from the long acquiescence of the party upon whose land the way is located. (*Rush* v. *Collins,* 366 Ill. 307.) A court of equity will restrain an interference with the enjoyment of an easement, even though the same has not been established at law, if it appears that the right is clear and certain and that an injurious interruption thereof is threatened. *Espenscheid* v. *Bauer,* 235 Ill. 172, at p. 175, citing Jones on Easements, sec. 883.

In this case the chancellor, who heard the evidence in open court and had the benefit of seeing and hearing the witnesses, found the facts stated in the amended bill of complaint to be true and that the plaintiffs have an ease-

ment over the cartway in dispute by prescription and by necessity and that the plaintiffs are entitled to relief by way of injunction.

We cannot say that the finding and conclusion of the trial court is against the manifest weight of the evidence. The decree of the circuit court of St. Clair County is affirmed.

*Decree affirmed.*