B. FRANK GRICIUS *et al.*, Plaintiffs and Counterdefendants-Appellants, *v.* BENJAMIN REXFORD LAMBERT *et al.*, Defendants and Counterplaintiffs-Appellees.

(No. 70-173;

Fifth District—October 12, 1972.

Meyer and Meyer, of Belleville, (George R. Ripplinger, Jr., of counsel,) for appellants.

Walker and Williams, of Belleville, (Edward G. Maag, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiffs appeal an adverse decree rendered by the trial court following a non-jury trial.

Plaintiffs purchased a tract of land containing approximately 15 acres in 1962. Plaintiff B. Frank Gricius was a contractor in August, 1962, when he entered into an agreement with defendants to sell them a lot of approximately 1.4 acres of the 15 acre tract and construct a house thereon. A roadway was built by plaintiffs from Highland Street, a public highway, running several hundred feet easterly across the 15 acre tract past and abutting the defendants' lot to plaintiffs' residence which lay on the easterly edge of the 15 acre tract. Plaintiffs never surveyed the roadway or filed a plat in accordance with the provisions of Illinois Revised Statutes, chapter 109.

After defendants moved into their new home in early 1962 their relationship with plaintiffs deteriorated, eventually evolving into something of a feud. It is the defendants' position, denied by plaintiffs, that the plaintiffs entered upon a systematic course of harassment by re-

stricting access to their home over the roadway using the roadway as a weapon against defendants. Defendants charged the Griciuses with the literal physical moving of the road away from a position abutting their property to the south of their property. A photograph was placed in evidence which allegedly showed Mrs. Gricius in the act of picking up pebbles or gravel from the north edge of the roadway and placing them on the south side of the roadway. Steel posts were erected along the roadway, large rocks or boulders were placed on the south edge of the roadway immediately opposite defendants' driveway and fences were built by plaintiffs along the front of defendants' lot and along the east edge around the driveway so as to create a cattle chute-like effect causing the defendants and visitors to their home difficulty in turning from the roadway into their driveway. At the time of trial the width of the roadway at its westerly end near Highland Street was seventeen feet six inches and as it approached the defendants' driveway it was attenuated until it became nine feet six inches in width at defendants' driveway. On one occasion plaintiffs removed the keys from a department store delivery truck which was unable to make the turn into defendants' driveway. Sometime before the trial plaintiffs placed a steel chain with two inch links across the roadway near the Highland Street intersection and secured it with I-bolts and a padlock. The defendants cut the chain with a hacksaw when they went to work at 5:00 A.M.

There were plats and maps of the property, together with a large number of photographs, including aerial photographs, introduced in evidence. The exhibits showed every aspect of the roadway and driveway in question.

The action was commenced below by plaintiffs' complaint for a money judgment for maintenance and upkeep of the roadway between Highland Street and defendants' lot at the rate of $40 per year. Defendants counter-claimed against plaintiffs for a decree (1) reforming their deed by including therein an easement for an access roadway, (2) obligating plaintiffs to improve the roadway by constructing concrete curbs and gutters along its borders, landscaping it with evergreens, and installing a finish coat of chat, and (3) enjoining plaintiffs from obstructing the public way in front of defendants' premises, commanding plaintiffs to relocate the public street in front of defendants' premises so as to permit unimpeded access thereto, ordering removal of a fence and rock obstructions and ordering plaintiffs to comply with the provisions of Chapter 109, Paragraph 1 through 10.1, Ill. Rev. Stat., by dedicating the roadway to the public.

Following the trial the court entered its final judgment, order and decree wherein it made the following findings of facts: Plaintiffs were the

owners of a described tract of approximately 15 acres including fee simple ownership of a roadway 40 feet in width from Highland Street (a public road) into the 15 acre premises. On August, 1962, the defendants made a down payment of $2000 on a 1.4 acre described portion of the larger tract. Plaintiffs had a survey made of defendants' tract and commenced construction of a home for defendants thereon, and both parties knew and understood that the roadway from Highland Street was to serve as a means of ingress and egress to defendants' tract and was to abut and front it on the southeasterly line thereof. The parties initially agreed that defendants would pay $40 per year to plaintiffs for maintenance of the road and to help defray some of the costs of construction of curbs and gutters. The tract conveyed was less than 5 acres in size, would involve the creation of new streets and easements of access and plaintiffs did not comply with the provisions of Chapter 109, Paragraph 1 through 11, Ill. Rev. Stat. 1959, in that the streets were not platted by a registered land surveyor nor were monuments posted or a plat recorded, as required by said statute. After initial construction of the roadway from Highland Street to and along the southeasterly line of the real estate owned by defendants so as to permit reasonable ingress and egress into defendants' real estate, plaintiffs gradually changed the roadway over a period of years, moving the north edge of said roadway to the south and away from defendants' real estate. The plaintiffs have harassed the defendants over a period of several years and have obstructed defendants' means of ingress and egress into their real estate from Highland Street by changing the course of the roadway so that it no longer abuts upon defendants' property and by erecting fences and posts and placing boulders along the south edge of the roadway in front of defendants' driveway.

After making the foregoing findings the court "ordered, adjudged and decreed" that (1) Defendants shall pay plaintiffs $320, with interest; (2) Plaintiffs shall immediately remove the L-shaped fence from the intersection of defendants' driveway and the roadway from Highland Street, and immediately remove so much of the fence along the easterly edge of defendants' property as extends south of the southeasterly line thereof, and immediately remove the boulders from the south edge of the roadway from Highland Street lying opposite defendants' driveway; (3) The real estate owned by defendants has an easement of way appurtenant over the lands of the plaintiffs from Highland Street to and along the south line of defendants' lot; (4) The plaintiffs are ordered to make a dedication for a public road from Highland Street to the lands of defendants and to take steps necesary to comply with the provisions of Chapter 109 of the Illinois Revised Statute; (5) The plaintiffs are en-

joined and restrained from taking any action to harass, impede or curtail the use by defendants, their guests or business invitees, or others on public business, from driving along or upon the roadway; (6) A writ of injunction is to be issued by the clerk forthwith.

■■ The plaintiffs first contend on appeal that it was a denial of their constitutional rights to procedural due process and against their being deprived of their property without due process of law for the court to compel them to dedicate the roadway in question to the public. We agree with plaintiffs' argument to the extent that they cannot, under the facts presented here, be compelled to dedicate the roadway in question to the public.

■■ The purpose of the statute on Plats is to require the submission of plats to governmental approval to insure that adequate provision has been made for streets, alleys, parks and other public facilities indispensable to the particular community affected. (*Weber v. Village of Skokie, Cook County*, 92 Ill.App.2d 355, 235 N.E.2d 406; *Bluett v. County of Cook*, 19 Ill.App.2d 172, 153 N.E.2d 305.) By its terms the statute on Plats requires that only public streets, alleys, ways for public service facilities, *etc.*, be particularly described and identified. By virtue of section 3 of the statute the acknowledgment and recording of a plat operates as a conveyance only of such portions of the premises as are marked or noted as donated or granted to the public, or any person, religious society, etc. (*People ex rel. Scott v. Ricketts*, 248 Ill. 428, 94 N.E. 71.) No rule of law forbids the subdivision of land by the owner in such a way as to establish over it only private ways for the sole benefit of those who may become owners of portions of such land. (*City of Chicago v. Chicago, Burlington & Quincy Ry. Co.*, 319 Ill. 351, 150 N.E. 250; *Nichol v. Village of Glen Ellyn*, 89 Ill.App.2d 251, 231 N.E.2d 462.) To effect a public dedication the intention of the owner to give the land to the public and the particular use for which the land is given must be made to appear. *City of Chicago v. Chicago, Burlington & Quincy Ry. Co., supra; Nichol v. Village of Glen Ellyn, supra.*

In this case there is no evidence which indicates any intention upon the part of the plaintiffs that the roadway in question be anything other than for the private use of the plaintiffs and defendants, nor is there any evidence that the public was to be involved in any way. It is clear that the roadway was intended solely as a private way to permit access to and from the public highway, Highland Street, by plaintiffs and defendants, their guests and invitees. Accordingly it was error for the trial court to order the plaintiffs to dedicate the roadway in question to the public.

■■ The plaintiffs also contend that the evidence does not support the

findings of the trial court and that the order of the trial court requiring the present roadway to be restored to its original location works an unnecessary hardship upon plaintiffs and is a vain and useless act. With these contentions we cannot agree. The trial court heard testimony from the parties and other witnesses called by them. It also had the benefit of a large number of photographs taken over a span of time that included practically the entire period of the controversy. The photographs constitute a graphic and forceful corroboration of defendants' evidence and give firm support for their position. The trial court was not compelled to accept the plaintiffs' version of the case or their denials and explanations. Furthermore, with one exception, we think the trial court's findings are well supported by the evidence. The exception relates to the finding that part of the $40 per year to be paid by defendants to the plaintiffs was to help defray some of the costs of construction of curbs and gutters. There is no evidence in support of this finding. However, it is of no consequence since the plaintiffs were not ordered to install curbs and gutters along the roadway.

The judgment and decree of the trial court will be affirmed in all respects except as to that part which requires plaintiffs to dedicate to the public the roadway in question.

Reversed in part and affirmed in part.

G. MORAN, P. J., and EBERSPACHER, J., concur.