SUSAN AEBISCHER, Plaintiff-Appellee, *v.* GLENN ZOBRIST *et al.,* Defendants-Appellants.

Fifth District   No. 77-115

Opinion filed December 23, 1977.

Meyer & Meyer, Greenville, for appellants.

Burroughs, Simpson, Wilson, Hepler & Broom, of Edwardsville, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

The suit underlying this appeal is an action to quiet title in which the plaintiff, Susan Aebischer, by her amended complaint sought a declaration that she was entitled to the use, for street and alley purposes, of a strip of land adjoining her property and situated within a tract of land owned by the defendants. Following a bench trial in the Circuit Court of Madison County, judgment was entered for the plaintiff.

Jacob and Josephine Gross conveyed certain property, which constituted a specific portion of outlot number three in the Village of St. Jacob, Madison County, Illinois, by warranty deed to the plaintiff on October 9, 1922. The property thus conveyed consisted of two tracts, each measuring 140 by 50 feet, the second tract immediately North of the first tract. In addition to the fee interests in the two described tracts, there

was also conveyed in the plaintiff's deed the "privilege" of using a 20-foot strip immediately east of the southern tract for street and alley purposes. Similar "privileges" to two other strips of land were also conveyed, their validity not being in issue on this appeal. The defendants by warranty deed from Augusta Baer on May 17, 1965, acquired a parcel of property adjoining the eastern boundary of the plaintiff's southern tract and have farmed the 20-foot strip of land in question over the objections of the plaintiff. The defendants' deed conveyed to them outlot three but excepted therefrom were five earlier conveyances of specific parcels of outlot three. Both the plaintiff's and the defendants' deed were admitted into evidence at trial, together with a warranty deed dated January 5, 1910, from Louis and Minnie Spies to John Aebischer, this conveyance being one of the five exceptions contained in the defendants' deed.

It was the plaintiff's contention at trial, and now on appeal, that she is the holder of an easement, for street and alley purposes, over defendants' property by virtue of the "privilege" provision in her deed and that further, the defendants acquired no interest in the 20-foot strip because of the exception in their deed relating to the January 5, 1910 conveyance by the Spies to John Aebischer. The plaintiff did not allege nor set out in her complaint any right in the Grosses to create an easement in her favor in the adjoining tract of land now owned by the defendants. This omission was challenged by the defendants in their motion to dismiss the plaintiff's amended complaint wherein they stated that the plaintiff had neither shown that she had title to the 20-foot strip, nor that her grantors, the Grosses, had the right to grant her the disputed easement.

On appeal, the defendants contend that the lower court improperly denied their motion to dismiss the plaintiff's amended complaint to quiet title, and also contend that the lower court's finding that a valid easement was created by the deed from the Grosses was error.

■■ We first note that although the plaintiff's complaint is designated as an action to quiet title, the title to the disputed 20-foot strip was not involved in the pleadings and no action or ruling of the trial court as to such title appears in the record. The plaintiff did not claim to be the owner of the fee interest in the 20-foot strip but instead alleged facts and presented evidence showing the existence of an easement and interference with her enjoyment thereof by the defendants. Our examination of the applicable case law reveals that while a court of equity will restrain an interference with the enjoyment of an easement even though it has not been established at law, if the right is clear and an injurious interruption of the easement is threatened (*Wiley v. Lamprecht*, 400 Ill. 587, 81 N.E.2d 459 (1948); *Espenscheid v. Bauer*, 235 Ill. 172, 85 N.E. 230 (1908)), the parties so aggrieved have sought injunctive relief rather than instituting actions to quiet title (see, *e.g. Feitler v. Dobbins*,

263 Ill. 78, 104 N.E. 1088 (1914); *LeClerq v. Zaia*, 28 Ill. App. 3d 738, 328 N.E.2d 910 (3d Dist. 1975); *Gricius v. Lambert*, 7 Ill. App. 3d 716, 288 N.E.2d 496 (5th Dist. 1972)). This follows from the general principle that unless a party shows title to land in herself it is not for her to complain that there is a cloud upon it. *Ford v. Witwer*, 383 Ill. 511, 50 N.E.2d 714 (1943); *Town of Kaneville v. Meredith*, 351 Ill. 620, 184 N.E. 883 (1933).

■■■ The mere name by which a pleading is designated, however, does not appear to us either important or controlling. The character of a pleading is determined more from its content than by its label (*Eden v. Eden*, 34 Ill. App. 3d 382, 386, 340 N.E.2d 141, 145 (1st Dist. 1975)), and a court may consider the ultimate efficacy of a claim in considering a motion to dismiss (*Deasey v. City of Chicago*, 412 Ill. 151, 157, 105 N.E.2d 727, 730 (1952)). Hence, in determining the legal significance of the plaintiff's complaint in the instant cause we look to the nature of the relief sought rather than the title which the pleading bears. The gist of the plaintiff's complaint is her claimed right of an easement in the defendants' property and it is that right which she seeks to have protected and enforced. In this regard, she was under no obligation to set out the quantum of interest which she has in the property since actual possession of land is sufficient to maintain an action for disturbing an easement appurtenant thereto. (*Coal Creek Drainage & Levee District v. Sanitary District*, 328 Ill. 360, 159 N.E. 805 (1927).) Accordingly, we find that the lower court's denial of the defendants' motion to dismiss the plaintiff's amended complaint was not error and we need now only determine whether the plaintiff's claimed right of an easement is valid.

In support of their contention that a valid easement in favor of the plaintiff was never created, the defendants' correctly assert that only an owner of land can create an easement over it. (*Waller v. Hildebrecht*, 295 Ill. 116, 128 N.E. 807 (1920); *Schnellbacher v. Jobst*, 271 Ill. 319, 111 N.E. 138 (1915).) The defendants urge that in the instant cause there was no evidence that Jacob and Josephine Gross ever owned, possessed or controlled the land wherein the 20-foot strip lies. Thus, the defendants argue that there was a failure of proof that the plaintiff's grantors had the legal ability to create the easement. The plaintiff, however, contends that the defendants, by virtue of the exception language in their deed's general description relating to the January 5, 1910, conveyance from the Spies to John Aebischer, had notice of the easement and, therefore, cannot now challenge its validity.

■■■ An easement appurtenant, which the plaintiff claims to hold, is created when a grantor reserves or creates a right in the nature of an easement or servitude in the property granted for the benefit of other land owned by the grantor and originally forming, with the land conveyed, one parcel (*Beloit Foundry Co. v. Ryan*, 28 Ill. 2d 379, 192 N.E.2d 384

(1963); *Brunotte v. DeWitt*, 360 Ill. 518, 196 N.E. 489 (1935)). Once created, easements appurtenant run with the land and pass by deed of conveyance (*Kuecken v. Voltz*, 110 Ill. 264 (1884)), and purchasers of land burdened with an easement take the land subject to easements expressly created of which they have notice (*Kurz v. Blume*, 407 Ill. 383, 95 N.E.2d 338 (1950); *Caseyville Township Road District v. Union-Electric Co.*, 1 Ill. App. 3d 715, 274 N.E.2d 133 (5th Dist. 1971).)

In the instant cause, the record indicates that the Spies were the owners of the common parcel known as outlot number three and that during the years 1906 through 1910 they conveyed five separate tracts therefrom. One such conveyance, to John Aebischer on January 5, 1910, conveyed the identical fee interest and easement as was conveyed to the plaintiff in her deed from the Grosses. Although not specifically alleged by the plaintiff in her complaint or shown at trial, we conclude from the record before us that the Spies created the disputed easement in other land owned by them in favor of their grantee, John Aebischer, and that the plaintiff's immediate grantors, the Grosses, acquired the fee interest and easement by *mesne* conveyance.

■■ The controlling factor in the decision of the cause before us is that the original grantors of both the plaintiff and defendants were the same. When the latter received their deed from Augusta Baer on May 17, 1965, they had conveyed to them the fee interest in outlot three but with five exceptions therefrom. Therefore, the defendants were aware that they were receiving the fee interest in less than the entire parcel known as outlot three because an exception in a deed withholds from its operation some part of the thing which but for the exception would pass by general description to the grantee (*Dickman v. Madison County Light & Power Co.*, 304 Ill. 470, 136 N.E. 790 (1922)). In searching their chain of title, the defendants would have found the deed from the Spies to John Aebischer as that conveyance was specifically listed as an exception in the defendant's deed. Coming upon this conveyance it was their duty to read the deed in its entirety and a careful reading would have disclosed to the defendants the easement in the plaintiff's chain of title.

■■■ The defendants next challenge the sufficiency of the grant of the purported easement arguing that the term "privilege" is of uncertain meaning and that further, its exact location is unknown because of its indefinite description in the grant. In this regard, we note that no particular words are necessary to constitute a grant, and any words which show a clear intention to give an easement, which is by law grantable, are sufficient to effect that purpose. (*Chicago Title & Trust Co. v. Wabash-Randolph Corp.*, 384 Ill. 78, 51 N.E.2d 132 (1943).) Moreover, the language of the conveyance is definite and certain when it can be determined therefrom what the evident intention of the grantor was.

(*Perry v. Wiley*, 285 Ill. 25, 120 N.E. 455 (1918).) In light of these principles we find no error in the lower court's finding that the privilege conveyed in the Spies' deed to John Aebischer was in the nature of a permanent interest in the remaining land of the grantor and sufficient to create an easement. We are also of the opinion that the lower court's determination that the strip of land was intended to be 20 feet in width and to run in a northerly and southerly direction along the eastern boundary of the plaintiff's southern tract was the only practical interpretation of the easement's description that could be made to effectuate its stated purpose. The lower court's conclusion provides the plaintiff, as owner of the dominant estate, with complete access to her southern tract of land from its eastern boundary which logically corresponds with a grant of an easement for street and alley purposes. Accordingly, we find that the language and description in the Spies deed to John Aebischer was sufficiently certain and definite to constitute a grant of an easement.

■■■ Having decided that an easement appurtenant did originally exist, we must now consider whether the right has been abandoned as the defendants contend. While recognizing that mere nonuser of an easement created by grant will not alone constitute an abandonment thereof (*Beloit Foundry Co. v. Ryan*, 28 Ill. 2d 379, 192 N.E.2d 384 (1963)), the defendants argue that their hostile and adverse use of the 20-foot strip coupled with the plaintiff's admitted prior use of the strip for other than street and alley purposes indicates an intent by the plaintiff to abandon the easement. In this regard, the adverse possession by another which will extinguish an easement must be for the full statutory period. (*Wright v. Hendricks*, 388 Ill. 431, 58 N.E.2d 453 (1944).) Having acquired their property in 1965, the defendants' adverse use of the 20-foot strip does not meet the statutory requirement of 20 years (Ill. Rev. Stat. 1975, ch. 83, par. 1) and, therefore, their argument that the plaintiff's easement has been abandoned is without merit.

For the foregoing reasons the order of the Circuit Court of Madison County is affirmed.

Affirmed.

EBERSPACHER, P. J., and CARTER, J., concur.